S. FRANK HARRELL - SBN 133437
sharrell@lynberg.com
G. CRAIG SMITH – SBN 265676
csmith@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant

YVETTE BARBARI, RN

# UNITED STATES DISTRICT COURT CENTRAL

# DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>Plaintiff,<br><br>vs.<br><br>YVETTE BARBARI, RN,<br><br>Defendant. | Case No. 8:22-CV-00812 RGK (ADSx)<br><br>**DEFENDANT YVETTE BARBARI, RN'S SECOND CLEAN SET OF JURY INSTRUCTIONS**<br><br>Trial Date:   January 21, 2025<br><br>Time:        9:00 a.m. |

Pursuant to the Court's Order for Jury Trial, Defendant Nurse Barbari hereby files, and will manually provide to the Courtroom Deputy in paper without ECF headers on the first day of trial, a "clean set" of all instructions filed in this case by all parties, both joint and disputed (as designated by "P" or "D" and bold type) as of January 20, 2025.

**INDEX TO PLAINTIFF'S CLEAN SET OF JURY INSTRUCTIONS**

| No. | Title | Source | Page No. |
|---|---|---|---|
| **INSTRUCTIONS AT THE START OF TRIAL—PHASE ONE** | | | |
| 1 | Duty of Jury | 9th Cir. 1.2 | 4 |
| **2P** | Claims and Defenses | 9th Cir. 1.5* | 5 |
| **2D** | Claims and Defenses | 9th Cir. 1.5* | 6 |
| 3 | Burden of Proof—Preponderance of Evidence | 9th Cir. 1.6 | 7 |
| 4 | What Is Evidence | 9th Cir. 1.9 | 8 |
| 5 | What Is Not Evidence | 9th Cir. 1.10 | 9 |
| 6 | Evidence for Limited Purpose | 9th Cir. 1.11 | 10 |
| 7 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 11 |
| 8 | Ruling on Objections | 9th Cir. 1.13 | 12 |
| 9 | Credibility of Witnesses | 9th Cir. 1.14 | 13 |
| 10 | Conduct of the Jury | 9th Cir. 1.15 | 15 |
| 11 | No Transcript Available to Jury | 9th Cir. 1.17 | 17 |
| 12 | Taking Notes | 9th Cir. 1.18 | 18 |
| 13 | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 19 |
| 14 | Bench Conferences and Recesses | 9th Cir. 1.20 | 20 |
| 15 | Outline of Trial | 9th Cir. 1.21 | 21 |
| **INSTRUCTIONS IN THE COURSE OF TRIAL** | | | |
| 16 | Cautionary Instructions | 9th Cir. 2.0 | 22 |
| 17 | Stipulated Testimony | 9th Cir. 2.1 | 23 |
| 18 | Stipulation of Facts | 9th Cir. 2.2 | 24 |

JURY INSTRUCTIONS

| No. | Title | Source | Page No. |
|---|---|---|---|
| 19 | Transcript of Recording in English | 9th Cir. 2.5 | 25 |
| 20 | Impeachment Evidence – Witness | 9th Cir. 2.9 | 26 |
| 21 | Expert Opinion | 9th Cir. 2.13 | 27 |
| 22 | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 28 |
| 23 | Evidence in Electronic Format | 9th Cir. 2.16 | 29 |
| **INSTRUCTIONS AT THE END OF CASE—PHASE ONE** | | | |
| 24 | Section 1983 Claim – Introductory Instruction | 9th Cir. 9.1 | 31 |
| 25 | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden | 9th Cir. 9.3 | 32 |
| **26P** | Particular Rights—Fourteenth Amendment— Pretrial Detainee's Claim re Conditions of Confinement/Medical Care | 9th Cir. 9.30* | 33 |
| **26D** | Particular Rights—Fourteenth Amendment— Pretrial Detainee's Claim re Conditions of Confinement/Medical Care | SPECIAL | 34 |
| **27P** | Damages—Proof | 9th Cir. 5.1, 5.2* | 35 |
| **27D** | Damages—Proof | 9th Cir. 5.1, 5.2* | 36 |
| 28 | Damages – Mitigation | 9th Cir. 5.3 | 37 |
| 29 | Punitive Damages | 9th Cir. 5.5 | 38 |
| 30 | Duty to Deliberate | 9th Cir. 3.1 | 39 |
| 31 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 40 |
| 32 | Communication with Court | 9th Cir. 3.3 | 42 |
| 33 | Return of Verdict | 9th Cir. 3.5 | 43 |
| **INSTRUCTIONS AT THE END OF CASE—PHASE TWO** | | | |
| 34 | Punitive Damages | 9th Cir. 5.5 | 44 |
| **MISCELLANEOUS** | | | |
| **36D** | Negligence—Basic Standard of Care | CACI 401 | 45 |
| **38D** | Defendant is Judged Based Only on Information Known to Defendant | SPECIAL | 46 |

JURY INSTRUCTIONS

| No. | Title | Source | Page No. |
|---|---|---|---|
| **39P** | Affirmative Defense - Causation: Intentional Tort/Criminal Act as Superseding Cause *(should not be given, contingencies apply)* | CACI 433 | 47 |
| **40P** | Life Expectancy *(should be given after 27)* | CACI 3932 | 48 |
| **41D** | Violation of a Policy Does Not Equal a Constitutional Violation | SPECIAL | 49 |
| **42D** | Causation | SPECIAL | 50 |
| **43P** | Causation—Multiple Causes *(should be given after 26)* | CACI 431 | 51 |
| **44P** | Aggravation of Preexisting Condition or Disability *(should be given after 27)* | CACI 3927 | 52 |
| **45P** | Unusually Susceptible Plaintiff *(should be given after 27)* | CACI 3928 | 53 |

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties: The plaintiff Shawn Porio asserts that the defendant Yvette Barbari, RN, deprived him of his right under the Fourteenth Amendment to the United States Constitution to medical care while in custody at the Orange County Jail. The plaintiff has the burden of proving this claim.

The defendant denies that claim.

COURT'S INSTRUCTION NUMBER

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties: The Plaintiff Shawn Porio asserts that he was suffering from a serious and obvious medical care need and that Defendant Yvette Barbari, RN, deprived him of his right under the Fourteenth Amendment to the United States Constitution to immediate medical care while in custody at the Orange County Jail. The Plaintiff has the burden of proving this claim.

Nurse Barbari denies Mr. Porio's claim.

COURT'S INSTRUCTION NUMBER

Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## COURT'S INSTRUCTION NUMBER

### What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct or have instructed you to accept as proved.

COURT'S INSTRUCTION NUMBER

What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say or have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

COURT'S INSTRUCTION NUMBER

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

COURT'S INSTRUCTION NUMBER

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

JURY INSTRUCTIONS

1    The weight of the evidence as to a fact does not necessarily depend on the

2    number of witnesses who testify.  What is important is how believable the witnesses

3    were, and how much weight you think their testimony deserves.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no

-15-

JURY INSTRUCTIONS

1  information that there will be news reports about this case; do not do any research,

2  such as consulting dictionaries, searching the Internet, or using other reference

3  materials; and do not make any investigation or in any other way try to learn about the

4  case on your own.  Do not visit or view any place discussed in this case, and do not use

5  the Internet or any other resource to search for or view any place discussed during the

6  trial.  Also, do not do any research about this case, the law, or the people involved—

7  including the parties, the witnesses or the lawyers—until you have been excused as

8  jurors. If you happen to read or hear anything touching on this case in the media, turn

9  away and report it to me as soon as possible.

10      These rules protect each party's right to have this case decided only on evidence

11  that has been presented here in court. Witnesses here in court take an oath to tell the

12  truth, and the accuracy of their testimony is tested through the trial process. If you do

13  any research or investigation outside the courtroom, or gain any information through

14  improper communications, then your verdict may be influenced by inaccurate,

15  incomplete or misleading information that has not been tested by the trial process.

16  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the

17  case based on information not presented in court, you will have denied the parties a fair

18  trial. Remember, you have taken an oath to follow the rules, and it is very important

19  that you follow these rules.

20      A juror who violates these restrictions jeopardizes the fairness of these

21  proceedings. If any juror is exposed to any outside information, please notify the court

22  immediately.

23

24

25

26

27

28

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Taking Notes


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

COURT'S INSTRUCTION NUMBER

Questions to Witnesses by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

COURT'S INSTRUCTION NUMBER

Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Stipulated Testimony

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Stipulations of Fact

The parties have agreed to certain facts. You must therefore treat these facts as having been proved.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Transcript of Recording in English

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Impeachment Evidence—Witness


The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Expert Opinion


You are about to hear testimony from witnesses who will testify about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NUMBER

Charts and Summaries Received in Evidence


Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to

-29-

such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Section 1983 Claim—Introductory Instruction

The plaintiff Shawn Porio brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

COURT'S INSTRUCTION NUMBER

Section 1983 Claim Against Defendant in Individual Capacity—

Elements and Burden of Proof

In order to prevail on a § 1983 claim against the defendant Yvette Barbari, RN, the plaintiff Shawn Porio must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of state law; and

2.      the act or failure to act of the defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and

3.      The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendant acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under the following instruction, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Particular Rights—Fourteenth Amendment—Pretrial Detainee's Claim

re Conditions of Confinement/Medical Care

The plaintiff Shawn Porio has brought a claim under the Fourteenth Amendment to the United States Constitution against the defendant Yvette Barbari, RN. The plaintiff asserts the defendant failed to provide needed medical care while in custody at the Orange County Jail.

To prevail on this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.     The defendant made an intentional decision regarding the denial of needed medical care;

2.     The denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

3.     The defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable jail intake nurse under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

4.     By not taking such measures the defendant caused the plaintiff's injuries.

With respect to the third element, the defendant's conduct must be objectively unreasonable.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Particular Rights—Fourteenth Amendment—

Pretrial Detainee's Claim re Conditions of Confinement/Medical Care

The Plaintiff Shawn Porio has brought a claim under the Fourteenth Amendment to the United States Constitution against the defendant Nurse Yvette Barbari alleging she was deliberately indifferent to a serious medical care need.

To prevail on this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. Plaintiff presented to Nurse Barbari with a serious medical need. A serious medical need is a medical problem that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.

2. Nurse Barbari made an intentional decision regarding the denial of obviously needed medical care. The intentional decision must have been more than negligent and, instead, must have been akin to a reckless disregard for Plaintiff's health.

3. Nurse Barbari's intentional decision put Plaintiff at substantial risk of suffering serious harm; and

4. Nurse Barbari did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable registered nurse under the circumstances would have understood the high degree of risk involved — making the consequences of the defendant's conduct obvious; and

5. By not taking such measures Nurse Barbari caused Plaintiff Shawn Porio injuries. **[This Sentence Is Not Needed if Damages Are Bifurcated As Requested]**.

With respect to the fourth element, the defendant's conduct must also be objectively unreasonable.

-34-

COURT'S INSTRUCTION NUMBER

Damages—Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The disability and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of necessary medical care, treatment, and services received to the present time;

5. The reasonable value of earning capacity that with reasonable probability will be lost in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

COURT'S INSTRUCTION NUMBER

Damages—Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages, if any. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The disability and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of necessary medical care, treatment, and services received to the present time;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Damages—Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Punitive Damages

If you find for the plaintiff Shawn Porio, you may, but are not required to, determine that punitive damages should be awarded against Defendant Yvette Barbari, RN. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

COURT'S INSTRUCTION NUMBER

Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION NUMBER

Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

JURY INSTRUCTIONS

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Communication With Court


If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Return of Verdict

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

COURT'S INSTRUCTION NUMBER

Punitive Damages

You have determined that punitive damages should be awarded and must now determine the amount. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving the amount of punitive damages by a preponderance of the evidence.

You must use reason in setting the amount. Punitive damages should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

NEGLIGENCE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

DEFENDANT IS JUDGED BASED ONLY ON INFORMATION KNOWN TO DEFENDANT

When determining whether Nurse Barbari violated Plaintiff's Fourteenth Amendment right, you are only to consider what Nurse Barbari knew and nothing more.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Affirmative Defense - Causation: Intentional Tort/Criminal Act as Superseding Cause

Defendant Yvette Barbari claims that she is not responsible for Shawn Porio's harm because of the later [criminal/intentional] conduct of [insert name of third party]. Yvette Barbari is not responsible for Shawn Porio's harm if Yvette Barbari proves all of the following:

1. That [name of third party] committed [an intentional/a criminal] act;]]

2. That [name of third party]'s [intentional/criminal] conduct happened after the conduct of Yvette Barbari; and

3. That Yvette Barbari did not know and could not have reasonably foreseen that another person would be likely to take advantage of the situation created by Yvette Barbari's conduct to commit this type of act.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Life Expectancy


If you decide Shawn Porio has suffered damages that will continue for the rest of his life, you must determine how long he will probably live. According to the U.S. National Vital Statistics Reports, a 42-year-old Asian male is expected to live another 40.7 years. This is the average life expectancy. Some people live longer and others die sooner. This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

COURT'S INSTRUCTION NUMBER

VIOLATION OF POLICY DOES NOT EQUAL A CONSTITUTIONAL

VIOLATION


A finding that Nurse Barbari violated a policy is not sufficient to establish that she violated Plaintiff's Fourteenth Amendment rights.

When determining whether Nurse Barbari violated Plaintiff's Fourteenth Amendment rights, you must only consider the Constitutional standards I give you in these instructions.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

CAUSATION


Plaintiff must establish that Nurse Barbari's conduct is the actionable cause of his injury. To meet this causation requirement, Plaintiff must prove Nurse Barbari was both the actual and proximate cause of his injury. Nurse Barbari's conduct is an "actual cause" of Plaintiff's injury only if the injury would not have occurred but for that conduct. Nurse Barbari's conduct is the "proximate cause" of Plaintiff's injury if the injury is a reasonably foreseeable result of her conduct. "Proximate cause" does not exist where the causal link between conduct and result is so attenuated that the consequence is more aptly described as a chance occurrence.

COURT'S INSTRUCTION NUMBER

Causation—Multiple Causes

A person's conduct may combine with another factor to cause harm. If you find that Defendant Yvette Barbari's conduct was a substantial factor in causing Plaintiff Shawn Porio's harm, then Yvette Barbari is responsible for the harm. Yvette Barbari cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Shawn Porio's harm.

JURY INSTRUCTIONS

COURT'S INSTRUCTION NUMBER

Aggravation of Preexisting Condition or Disability

Plaintiff Shawn Porio is not entitled to damages for any physical condition that he had before Defendant Yvette Barbari's conduct occurred. However, if Shawn Porio had a physical condition that was made worse by Yvette Barbari's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

COURT'S INSTRUCTION NUMBER

Unusually Susceptible Plaintiff


If you find for the plaintiff, you must decide the full amount of money that will reasonably and fairly compensate Shawn Porio for all damages caused by the wrongful conduct of Yvette Barbari, even if Shawn Porio was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

DATED:  January 20, 2025          **LYNBERG & WATKINS**


By   /s/ *S. Frank Harrell*
      **S. FRANKHARRELL**
      **G. CRAIG SMITH**
      Attorneys for Defendant
      **YVETTE BARBARI, RN**

JURY INSTRUCTIONS