S. FRANK HARRELL - SBN 133437
sharrell@lynberg.com
G. CRAIG SMITH – SBN 265676
CSMITH@LYNBERG.COM
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, YVETTE BARBARI, RN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUSTIN, ORANGE COUNTY FIRE AUTHORITY (OCFA), COUNTY OF ORANGE, TUSTIN POLICE DEPARTMENT OFFICERS IRINEO FLORES (#1392), E. URIAS (#1324), CHRISTOPHER PETERSON (#1359), HAYDEN NEWMAN (#1341), and MICHAEL WAGNER (#1313), OCFA FIREFIGHTERS BRENT PARDOEN (6933), DAVID PHELAN (6828), JOSEPH WINGERT, JR. (6959) and TED HWANG (#7025), ORANGE COUNTY NURSES JENNIFER MAYA, RN and YVETTE BARBARI, RN, and DOES 1-10,<br><br>Defendants.<br>A | CASE NO. 8:22-cv-812 RGK (ADSx)<br><br>*Assigned for All Purposes to:*<br>*Hon. R. Gary Klausner – Courtroom 850*<br><br>**DEFENDANT YVETTE BARBARI, RN'S OBJECTIONS TO PLAINTIFF'S SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**<br><br>Date: January 21, 2025<br>Time: 9:00 a.m.<br>Ctrm.: 850<br><br>*Trial Date:* January 21, 2025<br>*Complaint Filed:* April 13, 2022 |

1
**DEFENDANT YVETTE BARBARI, RN'S OBJECTIONS TO PLAINTIFF'S SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

**TO THIS HONORABLE COURT, TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

Defendant Yvette Barbari RN ("Nurse Barbari") hereby respectfully submits her Objections to Plaintiff's Second Supplemental Proposed Jury Instructions.

DATED: January 21, 2025						Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ S. Frank Harrell*
**S. FRANK HARRELL**
**G. CRAIG SMITH**
Attorneys for Defendant
YVETTE BARBARI, R.N.

# PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION 43

### INSTRUCTIONS AT THE END OF CASE - PHASE ONE
COURT'S INSTRUCTION NUMBER ____
Causation—Multiple Causes

A person's conduct may combine with another factor to cause harm. If you find that Defendant Yvette Barbari's conduct was a substantial factor in causing Plaintiff Shawn Porio's harm, then Yvette Barbari is responsible for the harm. Yvette Barbari cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Shawn Porio's harm.

*Source:* CACI 431 (changed "negligence" to "conduct" to reflect nature of claims, per directions for use).

# DEFENDANT'S OBJECTION TO INSTRUCTION 43

The proposed instruction is inappropriate, confusing, and misleading. "Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." Hung Lam v. City of San Jose, 869 F.3d 1077, 1085 (9th Cir. 2017) (quoting Hunter v. County of Sacramento, 652 F.3d 1225, 1232 (9th Cir. 2011)).

Plaintiff speculatively asserts that Dr. Hemmen's testimony led to jury confusion about what constituted the extent of Plaintiff's injuries but does not provide any evidence of this. Plaintiff refers to Jury Note 6, which states only:

> Jury instruction 11 item 4:
> Can you please clarify what "injuries" the plaintiff is claiming/sustained from defendants actions?
> Jury instruction #10 item 3:
> What is the plaintiffs claimed injury?

(Jury Note 6). There is zero indication from this jury note that Dr. Hemmen's testimony caused any confusion to the jury. Plaintiff's assertion is baseless.

Furthermore, Plaintiff's proposed instruction is repetitive and unnecessary as causation is already covered by Joint Proposed Agreed Instruction 25, which is Ninth Circuit Model Instruction 9.3. The agreed upon Ninth Circuit Model Instruction 9.3 should be given instead of Plaintiff's proposed special instruction as it properly sets forth the law.

The use of CACI instructions in the instant deliberate indifference case is inappropriate and misplaced as California state law is inapplicable to a § 1983 action. Specifically, Plaintiff refers and/or proposes an instruction related to a negligence claim for relief but altered the language from "negligence" to "conduct" which improperly modifies the meaning of the jury instruction, thereby causing confusion to the jury. The Court should deny Plaintiff's request to give this special

1  jury instruction and use the proper Ninth Circuit Model Instruction 9.3.

# PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION 44

COURT'S INSTRUCTION NUMBER _____
Aggravation of Preexisting Condition or Disability

Plaintiff Shawn Porio is not entitled to damages for any physical condition that he had before Defendant Yvette Barbari's conduct occurred. However, if Shawn Porio had a physical condition that was made worse by Yvette Barbari's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

*Source:* CACI 3927 (deleting reference to "emotional" condition).

## DEFENDANT'S OBJECTION TO INSTRUCTION 44

The proposed instruction is inappropriate, confusing, and misleading. "Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." Hung Lam v. City of San Jose, 869 F.3d 1077, 1085 (9th Cir. 2017) (quoting Hunter v. County of Sacramento, 652 F.3d 1225, 1232 (9th Cir. 2011)).

Plaintiff speculatively asserts that Dr. Hemmen's testimony led to jury confusion about what constituted the extent of Plaintiff's injuries but does not provide any evidence of this. Plaintiff refers to Jury Note 6, which states only:

Jury instruction 11 item 4:

Can you please clarify what "injuries" the plaintiff is claiming/sustained from defendants actions?

Jury instruction #10 item 3:

What is the plaintiffs claimed injury?

(Jury Note 6). There is zero indication from this jury note that Dr. Hemmen's testimony caused any confusion to the jury. Plaintiff's assertion is baseless

Plaintiff's proposed jury instruction is to be used in California state tort actions and does not adequately reflect the standards that are requisite to a § 1983 action, therefore, use of this jury instruction would be misleading, cause confusion, and is wholly inapplicable to the case at hand. The Court should deny Plaintiff's request to give this jury instruction.

**PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION 45**

COURT'S INSTRUCTION NUMBER _____
Unusually Susceptible Plaintiff

If you find for the plaintiff, you must decide the full amount of money that will reasonably and fairly compensate Shawn Porio for all damages caused by the wrongful conduct of Yvette Barbari, even if Shawn Porio was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

*Source*: CACI 3928.

## DEFENDANT'S OBJECTION TO INSTRUCTION 45

The proposed instruction is inappropriate, confusing, and misleading. "Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." Hung Lam v. City of San Jose, 869 F.3d 1077, 1085 (9th Cir. 2017) (quoting Hunter v. County of Sacramento, 652 F.3d 1225, 1232 (9th Cir. 2011)).

Plaintiff speculatively asserts that Dr. Hemmen's testimony led to jury confusion about what constituted the extent of Plaintiff's injuries but does not provide any evidence of this. Plaintiff refers to Jury Note 6, which states only:

Jury instruction 11 item 4:

Can you please clarify what "injuries" the plaintiff is claiming/sustained from defendants actions?

Jury instruction #10 item 3:

What is the plaintiffs claimed injury?

(Jury Note 6). There is zero indication from this jury note that Dr. Hemmen's testimony caused any confusion to the jury. Plaintiff's assertion is baseless.

The use of CACI instructions in the instant deliberate indifference case is inappropriate and misplaced as California state law is inapplicable to a § 1983 action. Plaintiff's proposed jury instruction is for California state tort actions and does not adequately reflect the law associated with this § 1983 action, therefore, use of this jury instruction would be misleading, cause confusion, and is wholly inapplicable to the case at hand. The Court should deny Plaintiff's request to give this special jury instruction.

DATED: January 21, 2025

Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ S. Frank Harrell*
**S. FRANK HARRELL**
**G. CRAIG SMITH**
Attorneys for Defendant
YVETTE BARBARI, R.N.