John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300

Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

John Fattahi, State Bar No. 247625
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Boulevard, Suite 500
Torrance, California 90503
Tel: (424) 999-5579

*Attorneys for Plaintiff Shawn R. Porio*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>           Plaintiff,<br><br>     vs.<br><br>YVETTE BARBARI, RN,<br><br>           Defendant. | Case No. 8:22-CV-00812 RGK (ADSx)<br><br>**PLAINTIFF'S REQUEST FOR ADDITIONAL TRIAL TIME; DECLARATION OF JOHN FATTAHI**<br><br>Second Trial Date: January 21, 2025<br><br>Time: 9:00 a.m. |

## I.     The Court Should Permit at Least One Additional Hour of Witness Time.

At the end of the first day of trial, the Court indicated that Plaintiff had used 91 minutes of witness time. The Court has previously indicated that both sides would have three hours, or 180 minutes, of witness time. That would leave only a combined 89 minutes for Plaintiff's remaining witnesses and cross-examination of Defendant's two

retained experts. Plaintiff respectfully requests that the Court consider granting at least an additional 60 minutes in order to avoid undue prejudice.

The Ninth Circuit was held that time limits must be reasonable, and district courts "must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency." *General Signal v. MCI Telecoms.*, 66 F.3d 1500, 1509 (9th Cir. 1995). This case involves the assertion of permanent brain injuries caused by an inadequate screening, which led to a 22-hour delay in diagnosis and treatment of strokes. It requires the presentation of evidence and argument sufficient to enable the jury to grasp complex medical concepts and apply multi-part jury instructions on liability. Almost every fact is disputed. The key evidence includes several medical and booking forms, and video evidence including multiple clips from the 12-minute screening. There are battles-of-the-experts on liability, causation, and damages issues.

Porio has no memory of being in jail and therefore is required to prove his liability, causation, and damages theories, and disprove Barbari's theories, through extrinsic and circumstantial evidence, and expert testimony. The first two witnesses at trial needed their memories refreshed and gave nonresponsive answers that substantially extended their testimony. The remaining witnesses include:

1. Jennifer Broadwater, the County's person most qualified whose testimony about policies and training began at the end of Day One.
2. Dr. Homer Venters, Plaintiff's correctional healthcare expert on liability and causation issues.
3. Dr. Chitra Venkatasubramanian, Plaintiff's neurology expert on causation and damages issues.
4. Dr. Taylor Kuhn, Plaintiff's neuropsychology expert on damages issues.
5. Plaintiff Shawn Porio.
6. John Gonzalez, Plaintiff's brother-in-law.
7. Kathryn Wild, Defendant's correctional nursing expert on liability issues.

8. Dr. Thomas Hemmen, Defendant's neurology expert on liability, causation, and damages issues.

Within the current time limit, Plaintiff would only have 11 minutes per remaining witness. It would be impossible for Plaintiff to carry his burden of proof on all elements of liability, causation, and damages, and effectively respond to Defendant's divergent theories, including her expert's undisclosed opinions regarding a January 2022 stroke that the Court declined to exclude. An expanded—but still relatively short—limitation of at least four hours of evidence presentation is necessary to avoid undue prejudice to Plaintiff. Fattahi Decl. ¶ 2.

Respectfully submitted,

DATED: January 21, 2025                THE LAW OFFICES OF JOHN BURTON
                                        THE LAW OFFICES OF DALE K. GALIPO
                                        LAW OFFICE OF JOHN FATTAHI


                                        By         /s/ John Fattahi
                                            John Fattahi
                                            Attorneys for Plaintiff

**Word Count Certification**

The undersigned, counsel of record for Plaintiff, certifies that this brief, including headings, footnotes, and quotations, but excluding the caption, the table of contents, the table of authorities, the signature block and this certification, contains 447 words, which complies with the 5,600-word limit set by the Court's Standing Order.

DATED: January 21, 2025             THE LAW OFFICES OF JOHN BURTON
                                    THE LAW OFFICES OF DALE K. GALIPO
                                    LAW OFFICE OF JOHN FATTAHI


                                    By           /s/ John Fattahi
                                       John Fattahi
                                       Attorneys for Plaintiff

# DECLARATION OF JOHN FATTAHI

I, John Fattahi, declare as follows:

1. I am one of the attorneys of record for Plaintiff Shawn R. Porio. I have personal knowledge of the facts contained in this declaration and if called to testify I could and would competently testify thereto.

2. Within the current time limit, Plaintiff would only have 11 minutes per remaining witness. It would be impossible for Plaintiff to carry his burden of proof on all elements of liability, causation, and damages, and effectively respond to Defendant's divergent theories, including her expert's undisclosed opinions regarding a January 2022 stroke. An expanded—but still relatively short—limitation of at least four hours of evidence presentation is necessary to avoid undue prejudice to Plaintiff.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on January 21, 2025, at Torrance, California.

/s/ John Fattahi