John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300

Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

John Fattahi, State Bar No. 247625
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Boulevard, Suite 500
Torrance, California  90503
Tel: (424) 999-5579

*Attorneys for Plaintiff Shawn R. Porio*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>Plaintiff,<br><br>vs.<br><br>YVETTE BARBARI, RN,<br><br>Defendant. | Case No. 8:22-CV-00812 RGK (ADSx)<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED JUDGMENT AWARDING COSTS AGAINST PLAINTIFF (Dkt. 296)** |

Plaintiff Shawn R. Porio moves the Court to enter a judgment that does not provide for Defendant Yvette Barbari, RN, to recover costs as the prevailing party pursuant to Fed. R. Civ. P. 54(d)(1). As discussed below, the Court has discretion to do so because Plaintiff's claims raised civil rights issues of critical public importance, the issues in the case were close and complex, and there is great economic disparity between Plaintiff and Defendant.

While FED. R. CIV. P. 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, it vests in the district court discretion to decline to award costs, so long as the court specifies appropriate reasons for doing so. *Ass'n of Mexican- Am. Educators v. California*, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc).

In *Ass'n of Mexican-Am. Educators*, the plaintiffs brought suit under Title VII of the Civil Rights Act of 1964, against the State of California challenging the validity of the "CBEST" test used to qualify applicants to certain public schools. One of the challenges was to the "higher order" mathematics in the test. During the pendency of the action, the defendant changed the mathematical component of the test. After the plaintiffs sought to enjoin the use of the test and lost, the district court entered judgment for the defendant but denied costs. The district court gave four reasons for doing so: 1) the case "involve[d] issues of substantial importance," 2) there was great economic disparity between the plaintiffs, who were individuals and "small nonprofit educational organizations," and the State of California; 3) the issues in the case were close and difficult; and 4) the plaintiffs' case, though unsuccessful, had merit. *Id.* at 592.

Plaintiff requests that the Court exercise its discretion to enter a judgment without awarding Defendant costs. The issues involved, including the need to refer an arrestee who is suffering from strokes to a higher level of medical care, and the appropriate measures for intake nurses to take when arrestees have abnormal neurological symptoms, were substantial and important. Although Plaintiff is not indigent, economic disparity exists. Plaintiff is unable to work due to his permanent brain injuries related to this case. He has no significant assets and resides in the home of his sister and brother-in-law. He recovered a relatively modest net settlement as a result of litigation with the City of Tustin and Orange County Fire Authority Defendants, which was invested in a structured settlement annuity to help with his monthly expenses and future needs. However, the settlement proceeds do not enable Plaintiff to support himself independently.

The County of Orange provided Defendant with legal representation and indemnification. Awarding costs in favor of an entity with the relative financial might of the County of Orange would not only strain principles of equity, but would likely chill important civil rights litigation on behalf of similarly situated plaintiffs. Moreover, the issues were complex, and Plaintiff's case, though unsuccessful at the second trial, had a substantial basis, as reflected by the first trial ending with the jury deadlocked 4-4. *See, e.g., Knox v. City of Fresno*, 208 F. Supp. 3d 1114, 1115-17 (E.D. Cal. 2016).

In *Stanley v. Univ. of So. Calif.*, 178 F.3d 1069 (9th Cir. 1999), a women's basketball coach at the University of Southern California brought an action for sex discrimination and breach of contract, which was dismissed on summary judgment. The defendants prevailed on a motion to tax costs over the plaintiff's objection. On appeal, the Ninth Circuit held that the district court should have considered "the chilling effect of imposing such high costs on future civil rights litigants." *Id.* at 1079. Here, the chilling effect would be real. "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*." *Id.* at 1080.

One California district court put the matter as follows:

> To approve the cost bill proposed by defendant . . . would lead to a harsh result when plaintiff is an individual litigant and defendant is a large corporation. This case has been vigorously litigated, and this Court concludes that it would place an undue burden to tax costs against plaintiff. To do so in this context could only chill individual litigants of modest means seeking to vindicate their individual and class rights under the civil rights laws.

*Schaulis v. CTB/McGraw-Hill Inc.*, 496 F. Supp 666, 680 (N.D. Cal. 1980).

The County of Orange is similar to a large corporation and has substantial resources relative to Plaintiff. Taxing costs against Plaintiff would indeed "chill

1  individual litigants seeking to vindicate their individual and class rights under the civil
2  rights laws." *Id.*
3       For the foregoing reasons, Plaintiff urges the Court to exercise its discretion and
4  deny Defendant's request for costs.
5       Respectfully submitted,

6
7  DATED:  January 28, 2025      THE LAW OFFICES OF JOHN BURTON
     THE LAW OFFICES OF DALE K. GALIPO
8       LAW OFFICE OF JOHN FATTAHI

9
10      By _____/s/ John Fattahi_____
     John Fattahi
11      Attorneys for Plaintiff