# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:22-cv-00812-RGK-ADS | Date | January 29, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Objection to Defendant's Proposed Judgment Awarding Costs Against Plaintiff [DE 297]

On August 5, 2022, Shawn R. Porio ("Plaintiff") filed the operative First Amended Complaint ("FAC") against Orange County Nurse Yvette Barbari ("Defendant"), asserting violations of 42 U.S.C. § 1983.[1] (ECF No. 37.) Plaintiff alleged that he suffered a stroke while driving but was taken into the County's custody after being misdiagnosed by Defendant as intoxicated. As a result, he did not receive proper medical treatment for more than 24 hours, causing severe neurological injuries.

On December 10, 2024, the case proceeded to trial. However, after two days of deliberation, the jury reported that it was hung four to four and the Court declared a mistrial. On January 23, 2025, the case proceeded to a second trial. This time, after one day of deliberation, the jury returned a unanimous verdict for Defendant.

Consistent with the jury verdict, on January 28, 2025, Defendant filed a proposed judgment. This proposed judgment included an award of costs. The same day, Plaintiff filed an objection to this proposed judgment, arguing that the Court should deny costs.

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule has been interpreted to mean that "costs are to be awarded as a matter of course in the ordinary case." *Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000). However, the court may, in its discretion, decline to award costs if it finds that "it would be inappropriate or inequitable." *Id.*

Here, Plaintiff argues that an award of costs is inappropriate here due to the case's substantial and important civil rights issues, the closeness and difficulty of those issues, the merit of Plaintiff's case,

---

[1] Plaintiff originally brought additional claims against the City of Tustin, County of Orange, Orange County Fire Authority, and various police officers and firefighters. Those claims have since been dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | January 29, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

and the economic disparity between the parties. However, even accepting Plaintiff's characterization of the issues, the merits, and parties' economic statuses as true, the Court is not convinced that these points would make an award of costs inappropriate or inequitable. Individuals often bring civil rights claims against public officials and entities. And often times, despite the closeness and difficulty of the issues, they lose. And yet, courts routinely award costs to the prevailing defendants. *See, e.g., Fox v. Arizona*, 2024 WL 1344449 at *4 (D. Ariz. Mar. 28, 2024); *Ogebechie v. Covarrubias*, 2021 WL 2865183, at *2–4 (N.D. Cal. July 8, 2021); *Mosavi v. Mt. San Antonio Coll.*, 2018 WL 6219864, at *2–4 (C.D. Cal. Nov. 15, 2018). Nothing about this case seems so unique as to counsel otherwise.

Accordingly, the Court **OVERRULES** Plaintiff's objections.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |