# EXHIBIT B

S. FRANK HARRELL - SBN 133437
sharrell@lynberg.com
TAMARA M. HEATHCOTE – SBN 193312
theathcote@lynberg.com
G. CRAIG SMITH – SBN 265676
csmith@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF ORANGE and YVETTE BARBARI, RN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUSTIN, ORANGE COUNTY FIRE AUTHORITY (OCFA), COUNTY OF ORANGE, TUSTIN POLICE DEPARTMENT OFFICERS IRINEO FLORES (#1392), E. URIAS (#1324), CHRISTOPHER PETERSON (#1359), HAYDEN NEWMAN (#1341), and MICHAEL WAGNER (#1313), OCFA FIREFIGHTERS BRENT PARDOEN (6933), DAVID PHELAN (6828), JOSEPH WINGERT, JR. (6959) and TED HWANG (#7025), ORANGE COUNTY NURSES JENNIFER MAYA, RN and YVETTE BARBARI, RN, and DOES 1-10,<br><br>Defendants. | CASE NO. 8:22-cv-812 RGK (ADSx)<br><br>*Assigned for All Purposes to:*<br>*Hon. R. Gary Klausner – Courtroom 850*<br><br>**NOTICE OF APPEAL** |

1
**NOTICE OF APPEAL**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**NOTICE IS HEREBY GIVEN** that Defendant Nurse Yvette Barbari hereby appeals to the United States Court of Appeals for the Ninth Circuit from the District Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, entered in this action on October 25, 2024 (Dkt. 142).

Defendant Yvette Barbari seeks review of the District Court's denial of qualified immunity. See, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). A copy of the Order is attached hereto as Exhibit "A."

The required Representation Statement is attached hereto as Exhibit "B."

DATED:  October 29, 2024

Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ G. Craig Smith*
**S. FRANK HARRELL**
**TAMARA L. HEATHCOTE**
**G. CRAIG SMITH**
Attorneys for Defendants COUNTY OF ORANGE and YVETTE BARBARI, R.N.

Case Name: ***Porio v. City of Tustin (County of Orange), et al.***
Case No.:    Case No.:  8:22-cv-812 RGK (ADSx)

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA   )**

**COUNTY OF ORANGE       )**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Town & Country Rd., Suite 1450, Orange, California 92868.

On October 29, 2024 I served the foregoing document(s) described as **NOTICE OF APPEAL** in the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

☐ **BY MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail at Orange, California.

☐ **BY ELECTRONIC MAIL:** I caused all of the pages of the above-entitled document(s) to be sent to the recipient(s) noted via electronic transfer (e-mail) at the respective e-mail address indicated on the service list. To my knowledge, the transmission was completed and without error.

☐ **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

☐ **BY FACSIMILE:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone numbers indicated on the service list.

☒ **BY E-SERVE:** The above listed document(s) were electronically served via the USDC Central District's CM/ECF system and the Notice of Electronic Filing (NEF) indicates the registered party and/or attorney were served with the above documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 29, 2024 at Orange, California.

*/s/ Diane Esparza*
**DIANE ESPARZA**

---

**CERTIFICATE OF SERVICE**

# SERVICE LIST

| | |
|---|---|
| John C. Burton, Esq.<br>THE LAW OFFICES OF JOHN BURTON<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103<br>T: (626) 449-8300<br>F: (626) 449-8197<br>jb@johnburtonlaw.com<br>sandy@johnburtonlaw.com | Attorneys for Plaintiff,<br>SHAWN R. PORIO |
| John Fattahi, Esq.<br>LAW OFFICE OF JOHN FATTAHI<br>21250 Hawthorne Boulevard, Suite 500<br>Torrance, CA 90503<br>T: (424) 999-5579<br>F: (424) 675-2279<br>jfattahi@gmail.com | Attorneys for Plaintiff,<br>SHAWN R. PORIO |

EXHIBIT A

UNITED STATES DISTRICT COURT  NO JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
|---|---|---|---|
| Title | *Shawn R. Porio v. City of Tustin et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motions for Summary Judgment [DEs 106, 107]

## I.   INTRODUCTION

On August 5, 2022, Shawn R. Porio ("Plaintiff") filed the operative First Amended Complaint ("FAC") against the County of Orange (the "County") and County Nurse Yvette Barbari, asserting violations of 42 U.S.C. § 1983.[1] (ECF No. 37.)

Presently before the Court are Barbari's and the County's separate Motions for Summary Judgment. (ECF Nos. 106, 107.) For the following reasons, the Court **DENIES** Barbari's Motion and **GRANTS** the County's Motion.

## II.   FACTUAL BACKGROUND

The following facts are undisputed unless otherwise stated[2]:

On October 16, 2021, around 6:00 A.M., Plaintiff was driving alone in the City of Tustin, in Orange County, when he experienced a stroke. (FAC ¶ 10.) This stroke was caused by an undiagnosed condition known as Moyamoya disease. (*Id.*) Plaintiff drove erratically for several blocks before hitting a center divider, blowing out two tires. (*Id.* ¶ 11.) Plaintiff pulled over and exited the vehicle before collapsing in the street, unable to move or talk. (*Id.*) Two bystanders called 911, and the City of Tustin dispatched police officers and firefighters to the scene. (*Id.* ¶¶ 12, 17.) The police officers and firefighters mistook his stroke symptoms for alcohol intoxication, however, and took him to the Orange County Jail for driving under the influence. (Smith Decl., Ex. 4 at 46:17–47:19, ECF No. 106-6.)

---

[1] Plaintiff originally brought additional claims, including claims against the City of Tustin, Orange County Fire Authority, and various police officers and firefighters. Those claims have since been dismissed.
[2] To the extent that the Court relies on evidence to which a party has objected, those objections are **OVERRULED**. To the extent that the Court does not rely on evidence to which a party has objected, those objections are **DENIED as moot**.

|  | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA |  | NO JS6 |
|---|---|---|---|
|  | **CIVIL MINUTES - GENERAL** |  |  |
| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
| Title | ***Shawn R. Porio v. City of Tustin et al.*** |  |  |

Upon arriving at the jail, Plaintiff was screened for Covid-19. (Barbari Decl., Ex. 11, ECF No. 106-13.) The screening indicated that Plaintiff did not have Covid-19 and that his vital signs were within the normal range. (*Id.*) Plaintiff was then taken to a triage booth to see Barbari for intake screening. (Barbari Decl. ¶ 9, ECF No. 106-19.) Barbari's role was to provide an independent assessment of Plaintiff's physical and mental condition. (*Id.* ¶ 6; Fattahi Decl., Ex. Q at 1–2, ECF No. 110-20.) Pursuant to County policy, if Plaintiff suffered from, among other things, "any neurological deficit," or "head injury with altered level of consciousness," Barbari was required to seek immediate intervention by a "triage prescriber" or transfer Plaintiff to a hospital for evaluation and treatment. (Fattahi Decl., Ex. P at 1, ECF No. 110-19.)

During the screening, Plaintiff was seated with his hands handcuffed behind his back, and his face covered by a facemask pursuant to Covid-19 protocols. (Barbari Decl., ¶¶ 8, 11.) Barbari, meanwhile, sat behind a glass window, physically separated from Plaintiff, and asked him several questions. (*Id.* ¶¶ 8, 12–13.) Barbari ultimately concluded that Plaintiff was intoxicated but not suffering from a medical emergency, and therefore cleared him to be held in the jail. (*Id.* ¶¶ 32, 35, 37–40.) The entire twelve-minute screening was captured on video, though there was no audio. (Barbari Decl., Ex. 8, ECF No. 106-10.)

The parties dispute the sufficiency of Barbari's screening. According to Barbari, Plaintiff responded to each of her questions verbally, by shaking his head "yes" or "no," or by shrugging his shoulders. (Smith Decl., Ex. 9 at 68:14–17, 69:9–15, 80:6–8.) And based on his responses and appearance, she concluded that Plaintiff was not suffering from any obvious medical emergency. (Barbari Decl. ¶¶ 32, 35, 37–40.) Plaintiff contends that he showed visible signs of a stroke, and that Barbari failed to conduct a full screening. According to Plaintiff, the video recording shows that his gait was unsteady as he was led in and out of the triage booth; Plaintiff needed assistance sitting down; when one of his sandals slipped off, he struggled to put it back on; and he swayed back and forth in his chair, and even appeared to almost fall off his chair. (Barbari Decl., Ex. 8.) Plaintiff also contends that he did not answer many of the questions, as the video does not show him make any mouth movements, and the number of times he shakes his head or shrugs is far fewer than the number of questions Barbari asked.[3] (*Id.*) Additionally, Plaintiff notes that Barbari made a comment on her report chalking up his lack of answers to alcohol intoxication "because [she] saw it on the booking paperwork," suggesting that she improperly relied on the arresting officer's assessment. (Fattahi Decl., Ex. A at 82:2–5, ECF No. 110-4.)

According to Plaintiff's expert, Dr. Homer Venters, Plaintiff's behavior during the screening was an obvious sign that he required further medical attention.[4] (Venters Decl. ¶ 21, ECF No. 110-27.) At the

---

[3] Plaintiff relies on the video recording because he has no memory of his time in the County's custody due to the stroke. (Smith Decl., Ex. 6 ¶ 81, ECF No. 106-8.)

[4] Barbari objects to Dr. Venters' expert testimony, arguing that as a doctor, he has no relevant knowledge or expertise about how she, a nurse, would diagnose or treat a patient. In support of this proposition, Barbari relies on *Trujillo v. County of Los Angeles*, 751 Fed. Appx. 968 (9th Cir. 2018), in which the Ninth Circuit applied California law to find that a doctor was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
|---|---|---|---|
| Title | ***Shawn R. Porio v. City of Tustin et al.*** | | |

very least, in concluding that Plaintiff was intoxicated, Barbari should have ruled out a head injury with altered level of consciousness, including stroke, by lowering Plaintiff's mask and performing a "face exam." (*Id.* ¶ 19.) However, Barbari did not perform such an exam. (Fattahi Decl., Ex. A at 63:3–17, 66:4–19.)

Consequently, Plaintiff was taken to a cell. The next day, County staff noticed his worsening condition and took him to the hospital, where he was finally diagnosed with a stroke. (Fattahi Decl., Ex. W at 1–7, ECF No. 110-26.) In all, he was in the County's custody for 22 hours. (Venkatasubramanian Decl. ¶ 14, ECF No. 110-30.) During this time, he suffered multiple strokes that caused permanent cognitive deficits. (*Id.*) Had he been properly diagnosed and treated sooner, this permanent damage could have been avoided or at least lessened. (*Id.* ¶¶ 15, 19–20.)

### III.    JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Upon such a showing, the Court may grant summary judgment on all or part of the cause of action. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *See Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 96–97 (9th Cir. 1983). The non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 324. The materiality of a fact is determined by whether it might influence the outcome of the case based on the contours of the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over such facts amount to genuine issues if a reasonable jury could resolve them in favor of the nonmoving party. *Id.*

---

competent to provide expert testimony about a nurse practitioner's standard of care in a medical malpractice case. However, *Trujillo* is inapposite. *Trujillo* applied California law only because state-law medical malpractice claims require the court to apply state law competency rules. *Id.* at 972 (citing *Liesback v. United States*, 731 F.3d 850, 856–58 (9th Cir. 2013)). Barbari does not identify any authority suggesting that a federal court hearing a federal civil rights claim should apply state competency rules. Nor does Barbari identify any authority otherwise suggesting that a doctor cannot provide expert testimony in this situation. Accordingly, this objection is **OVERRULED**.

UNITED STATES DISTRICT COURT  NO JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
|---|---|---|---|
| Title | *Shawn R. Porio v. City of Tustin et al.* | | |

## IV. DISCUSSION

Section 1983 makes it unlawful for a defendant acting under color of law to "subject[], or cause[] to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Plaintiff asserts that Barbari and the County violated 42 U.S.C. § 1983 by failing to provide adequate medical care in violation of the Fourteenth Amendment. Barbari and the County separately move for summary judgment. The Court addresses each defendant in turn.

### A. Barbari

Barbari argues that Plaintiff's claim is barred by qualified immunity. Qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5–6 (2013) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). An officer will be denied qualified immunity in a § 1983 action "only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood her conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citing *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001)). Thus, a party arguing that qualified immunity applies need only establish that one of the prongs is not met. *See Green v. City & Cnty. of San Francisco*, 751 F.3d 1039, 1051–52 (9th Cir. 2014).

Barbari argues that qualified immunity applies because neither prong is met. The Court addresses each prong in turn.

#### 1. *Violation of a Constitutional Right*

Plaintiff asserts that Barbari failed to provide adequate medical care in violation of the Fourteenth Amendment. Specifically, Plaintiff asserts that Barbari failed to perform a sufficient intake screening, and as a result, failed to recognize that he was suffering from a stroke and required immediate medical attention.

Under the Eighth Amendment's prohibition on cruel and unusual punishment, the government's "deliberate indifference to" an incarcerated person's "serious medical needs" is a violation of his constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although the rights of pretrial detainees are governed by the Fourteenth, rather than Eighth Amendment, "the due process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (quoting *City of Revere*

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
|---|---|---|---|
| Title | ***Shawn R. Porio v. City of Tustin et al.*** | | |

*v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). A plaintiff asserting a claim premised upon the inadequate medical care offered to a pretrial detainee must show that:

> (i) the defendant made an intentional decision with respect to the conditions under which the [detainee] was confined;
>
> (ii) those conditions put the [detainee] at substantial risk of suffering serious harm;
>
> (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (iv) by not taking such measures, the defendant caused the [detainee's] injuries.

*Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (citing *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)). To establish the third element, "a plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (internal quotation marks omitted).

Here, Barbari challenges only the third element, arguing that the undisputed evidence shows that Plaintiff's medical needs were not obvious, making her conclusion that Plaintiff was intoxicated reasonable. Thus, she contends she was not deliberately indifferent. The Court disagrees.

Barbari argues that it was reasonable to conclude that Plaintiff was intoxicated based on his appearance and behavior during the intake screening. However, the parties sharply dispute how he appeared and behaved. Whereas Barbari contends that Plaintiff was largely cooperative and responsive, Plaintiff contends that he was visibly distressed and unable to answer her questions. And while there is video evidence of the screening which may override contradicting testimony, *see Scott v. Harris*, 550 U.S. 372, 380–81 (2007), the video does not clearly support either side. It is unclear from the video whether Plaintiff answered each of Barbari's questions. What is clear from the video, however, is that Plaintiff appeared very unsteady. While it is debatable how extreme his appearance was, a jury could reasonably conclude from the video that Plaintiff obviously needed immediate medical attention, such that Barbari acted unreasonably and with deliberate indifference. Thus, Plaintiff satisfies the first prong.

    2.     <u>*Clearly Established Right*</u>

A court's analysis of whether a right was clearly established should not be conducted "at a high level of generality." *Russell*, 31 F.4th at 737 (quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018)). Instead, a Court should determine whether a defendant "had fair notice that her conduct was unlawful, for example, through any cases of controlling authority in their jurisdiction at the time of the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NO JS6

### CIVIL MINUTES - GENERAL

| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
|---|---|---|---|
| Title | ***Shawn R. Porio v. City of Tustin et al.*** | | |

incident." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 690 (9th Cir. 2019). Such fair notice does not require a previous case with an identical or nearly identical factual basis. *Id.*

Here, Barbari argues that there was no clearly established right, as "no clearly established law required [her] to transport a detainee presenting as intoxicated to the hospital." (Barbari's Reply at 13, ECF No. 119.) There are two issues with this argument. First, as explained above, there is a genuine dispute of fact as to whether Plaintiff simply appeared intoxicated or was obviously suffering from a medical condition that required immediate medical attention. Second, Barbari defines the clearly established right far too narrowly. Plaintiff need not identify caselaw involving a specific medical condition and a specific treatment. *See Nicholson*, 935 F.3d at 690. The constitutional right at issue here is a detainee's right to medical treatment when jail staff know that medical treatment is needed. And as courts have recognized time and again, "a prison official who is aware [or reasonably should have been aware][5] that an inmate is suffering from a serious acute medical condition violates the Constitution when he stands idly by rather than responding with reasonable diligence to treat the condition." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 680 (9th Cir. 2021) (collecting cases).[6] Thus, Plaintiff satisfies the second prong.

Because Plaintiff satisfies both prongs, qualified immunity does not bar the claim against Barbari. Accordingly, the Court **DENIES** Barbari's Motion for Summary Judgment.

### B. The County

Although a municipal entity cannot be held vicariously liable for an individual employee's § 1983 violation, a plaintiff may sue the entity directly if the entity's policies violate constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). "A policy can be one of action or inaction." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Here, Plaintiff asserts that the County's policies caused his inadequate medical care, and thus the County is liable under *Monell*. Specifically, Plaintiff challenges the County's jail policy limiting intervention for altered consciousness to head injuries and requiring inmates to be handcuffed and masked during intake screenings, and further argues that the County failed to train Barbari. The County

---

[5] Though claims for inadequate medical care originally required subjective awareness of a plaintiff's serious medical need, courts have since adopted a less demanding objective standard. *Gordon*, 888 F.3d at 1124–25.

[6] Barbari alternatively defines the purported right as one requiring "a conscious inmate—who, like Plaintiff, can walk to and from a nursing assessment—[to] be rushed to an emergency room," and similarly argues that no such case establishes such a right. (Barbari's Mot. at 19.) This alternative definition fails for the same reason above, as it is far too narrow. But it is also patently absurd. By Barbari's logic, if an inmate walked into an intake screening visibly suffering from multiple gunshot wounds, Barbari could decline to provide medical treatment and be immune from suit simply because the inmate was conscious and able to walk. Surely Barbari does not believe qualified immunity would extend so far.

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | NO JS6 |
|---|---|---|---|
| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
| Title | *Shawn R. Porio v. City of Tustin et al.* | | |

argues that this claim fails because Plaintiff's challenges are not tethered to the FAC, and because Plaintiff provides insufficient evidence. The Court agrees with the County.

"A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Thus, it is well-settled that "[a] plaintiff cannot allege one theory of liability in a complaint and then 'turn around and surprise a defendant at the summary judgment stage' with a different theory of liability." *Comprehensive Med. Ctr., Inc. v. State Farm Mut. Auto. Ins.*, 690 F. Supp. 3d 1104, 1114 (C.D. Cal. 2023) (quoting *Coleman*, 232 F.3d at 1292–93).

Here, Plaintiff alleged:

> The entity defendants and their relevant policy makers maintained, enforced, tolerated, ratified, permitted, acquiesced in, and applied, among others, the following policies, practices and customs: failing to train *officers and firefighters* to handle usual and recurring situations with which they must deal, including encountering people who are incapacitated by strokes or other pathologies such as seizures and the post-ictal state, diabetic imbalances, and other disabilities, and training them to rule out such medical emergencies, and not to assume that incapacitated people, especially men of Latino or Asian decent, are under the influence of alcohol or drugs.

(FAC ¶ 49 (emphasis added).) In this manner, Plaintiff put the County on notice only of his intent to pursue *Monell* liability based on the policies and practices related to its officers and firefighters, not its jails or nursing staff. Yet, on summary judgment, Plaintiff now asserts *Monell* liability based on jail and nursing staff policies. This about-face is procedurally improper.

To be sure, Plaintiff could argue that "officers" should be read in a broad sense to include County employees, including jail staff and nursing staff. However, Plaintiff originally brought claims against the City of Tustin, the Orange County Fire Authority, and various police officers and firefighters. When read in this context, "officers and firefighters" clearly refers to these same police officers and firefighters, not jail staff or nursing staff. The Court also notes that Plaintiff alleged that "other policies, practices and customs as may be established through discovery . . . including but not limited to, . . . failure to train" violated his rights. (FAC ¶ 50.) However, this vague catch-all is of no help either, as it did not give the County adequate notice of any particular theories of liability.

Accordingly, the Court declines to consider the merits of these theories. Because Plaintiff does not offer any other theories to liability, the Court **GRANTS** the County's Motion for Summary Judgment.

| | UNITED STATES DISTRICT COURT | | NO JS6 |
|---|---|---|---|
| | CENTRAL DISTRICT OF CALIFORNIA | | |

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | October 24, 2024 |
|---|---|---|---|
| Title | *Shawn R. Porio v. City of Tustin et al.* | | |

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Barbari's Motion for Summary Judgment but **GRANTS** the County's Motion for Summary Judgment.

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | JRE/sf |

# EXHIBIT B

# REPRESENTATION STATEMENT

Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), counsel signing the Notice of Appeal assert that they represent Defendant Yvette Barbari, and previously dismissed Defendants County of Orange and Nurse Jennifer Maya, RN. Defendant Yvette Barbari is the only appellant with respect to this Notice of Appeal as all remaining defendants have been dismissed. Below is a roster of the parties to this appeal that identifies their counsel by name, address, telephone number, and email address.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Defendant-Appellant<br><br>Yvette Barbari | S. FRANK HARRELL – SBN 133437<br>sharrell@lynberg.com<br>TAMARA M. HEATHCOTE – SBN 193312<br>theathcote@lynberg.com<br>G. CRAIG SMITH – SBN 265676<br>csmith@lynberg.com<br>LACEY SIPSEY – SBN 321297<br>**LYNBERG & WATKINS**<br>A Professional Corporation<br>1100 Town & Country Road, Suite 1450<br>Orange, California 92868<br>(714) 937-1010 Telephone<br>(714) 937-1003 Facsimile |
| **PARTIES** | **COUNSEL OF RECORD** |
| Plaintiff-Appellee<br><br>Shawn R. Porio | John Burton, State Bar No. 86029<br>jb@johnburtonlaw.com<br>THE LAW OFFICES OF JOHN BURTON<br>128 North Fair Oaks Avenue<br>Pasadena, California 91103<br>Tel: (626) 449-8300<br><br>John Fattahi, State Bar No. 247625<br>jfattahi@gmail.com<br>LAW OFFICE OF JOHN FATTAHI<br>21250 Hawthorne Boulevard, Suite 500<br>Torrance, CA 90503<br>Tel: (424) 999-5579 |

1

**REPRESENTATION STATEMENT**