# EXHIBIT C

1  S. FRANK HARRELL - SBN 133437
   sharrell@lynberg.com
2  G. CRAIG SMITH – SBN 265676
3  CSMITH@LYNBERG.COM
   **LYNBERG & WATKINS**
4  1100 W. Town & Country Road, Suite #1450
5  Orange, California 92868
   (714) 937-1010 Telephone
6  (714) 937-1003 Facsimile
7
   Attorneys for Defendant,
8  YVETTE BARBARI, RN

9
                **UNITED STATES DISTRICT COURT**
10
                **CENTRAL DISTRICT OF CALIFORNIA**
11

12  SHAWN R. PORIO,                    CASE NO. 8:22-cv-812 RGK (ADSx)

13              Plaintiff,             *Assigned for All Purposes to:*
                                       *Hon. R. Gary Klausner – Courtroom 850*
14                                     **NOTICE OF APPEAL OF THE**
           vs.                         **COURT'S DENIAL OF**
15                                     **DEFENDANT'S RULE 50(A)**
                                       **MOTION FOR JUDGMENT AS A**
16  YVETTE BARBARI, RN                 **MATTER OF LAW**

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

                              1
                      **NOTICE OF APPEAL**

1    **TO THE HONORABLE COURT, PLAINTIFF AND HIS COUNSEL OF**

2    **RECORD:**

3        **PLEASE TAKE NOTICE** that Defendant Yvette Barbari hereby appeals to

4    the United States Court of Appeals for the Ninth Circuit from the District Court's

5    January 7, 2025 Order Denying Defendant's Rule 50(a) Motion for Judgment as a

6    Matter of Law. (See, Dkt. 256).

7        More specifically, Nurse Barbari seeks appellate review of the District

8    Court's denial of qualified immunity. See, Hart v. City of Redwood City, 99 F.4th

9    543, 548 (9th Cir. 2024)(authorizing interlocutory appeals of qualified immunity

10   issues).

11       A copy of the trial court's Order denying qualified immunity is attached

12   hereto as Exhibit "A".

13       Nurse Barbari's Representation Statement is attached hereto as Exhibit "B".

14

15   DATED: January 9, 2025                 Respectfully submitted,

16                                          **LYNBERG & WATKINS**

17

18                                  By:  */s/ S. Frank Harrell*
                                         **S. FRANK HARRELL**
19                                       **G. CRAIG SMITH**
                                         Attorneys for Defendant,
20                                       YVETTE BARBARI

21

22

23

24

25

26

27

28

---
**2**
**NOTICE OF APPEAL**

EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:22-cv-00812-RGK-ADS | | Date | January 7, 2025 |
|---|---|---|---|---|
| Title | *Shawn R. Porio v. City of Tustin et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS) Order Re: Defendant's Motion for Judgment as a Matter of Law [DE 220]

## I.    INTRODUCTION AND BACKGROUND

On August 5, 2022, Shawn R. Porio ("Plaintiff") filed the operative First Amended Complaint against the City of Tustin, Orange County Fire Authority, County of Orange, several Tustin Police Department officers, several Orange County Fire Authority firefighters, and two County nurses, asserting civil rights claims under 42 U.S.C. § 1983. (ECF No. 37.) Plaintiff alleged that he experienced a stroke that caused him to get in a car accident, but the defendants hastily concluded that he was simply intoxicated and left him to spend more than 24 hours in custody, depriving him of desperately needed medical treatment. Following multiple dismissals and a settlement, only two defendants remained: Nurse Yvette Barbari—a County nurse who conducted an intake screening upon Plaintiff's arrival at the County jail—and the County—her employer.

On September 16, 2024, Barbari moved for summary judgment, arguing that she was shielded by qualified immunity. (ECF No. 106.) On October 24, 2024, the Court denied Barbari's motion, holding that there was genuine issue of material fact as to whether she had violated Plaintiff's rights, and that, drawing all disputed facts in Plaintiff's favor, he had a clearly established right to medical treatment. (ECF No. 142.)

On December 10, 2024, the case proceeded to trial against Barbari only. Plaintiff presented evidence of his behavior during an intake screening with Barbari, as well as expert opinion that his behavior was characteristic of an individual suffering from a stroke rather than intoxication. On December 11, 2024, after Plaintiff rested, Barbari moved for judgment as a matter of law ("JMOL"), arguing once more that she was entitled to qualified immunity. The Court took the motion under submission, and after Barbari presented her defense, on December 12, 2024, the case was submitted to the jury. However, after two days of deliberation, on December 13, 2024, the jury reported that it was hung four to four, and the Court declared a mistrial.

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:22-cv-00812-RGK-ADS | | Date | January 7, 2025 |
|---|---|---|---|---|
| Title | *Shawn R. Porio v. City of Tustin et al.* | | | |

Presently before the Court is Barbari's December 11, 2024 Motion for JMOL. (ECF No. 220.) For the following reasons, the Court **DENIES** the Motion.

## II.   JUDICIAL STANDARD

Under Rule 50(a), after a party has been "fully heard on an issue during a jury trial," the court may grant JMOL against that party when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). The test is whether "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002). The court must not weigh the evidence or assess the witnesses' credibility. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 135 (2000).

## III.   DISCUSSION

Barbari requests JMOL that she is shielded by qualified immunity. As this Court has previously explained, qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5–6 (2013) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). An officer will be denied qualified immunity in a § 1983 action "only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood her conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citing *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001)). Thus, a party arguing that qualified immunity applies need only establish that one of the prongs is not met. *See Green v. City & Cnty. of San Francisco*, 751 F.3d 1039, 1051–52 (9th Cir. 2014).

Barbari argues that the evidence at trial demonstrates that she reasonably concluded that Plaintiff was intoxicated and not in obvious need of prompt medical care. She therefore argues that her decision not to provide medical care did not violate Plaintiff's constitutional rights, thereby vitiating the first prong above. The Court disagrees.

It is not clear that Barbari's conclusion was reasonable. Plaintiff presented evidence from which a jury could reasonably conclude that he required prompt medical care—namely, video evidence of his intake screening with Barbari and expert opinion explaining that his behavior was characteristic of a stroke victim. Indeed, four out of eight jurors agreed with Plaintiff that Barbari knew or should have known that prompt medical care was required. The Court does not believe that these jurors' conclusions were unreasonable. Nor does the Court believe that Plaintiff's evidence at trial was insufficient as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. City of Tustin et al.* | | |

Accordingly, the Court **DENIES** Barbari's Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Barbari's Motion for JMOL.

**IT IS SO ORDERED.**

_____ :  _____

Initials of Preparer            JRE/sf

# EXHIBIT B

# REPRESENTATION STATEMENT

Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), counsel signing the Notice of Appeal asserts that they represent Defendant Yvette Barbari, RN and previously dismissed Defendants County of Orange and Nurse Jennifer Maya, RN. Defendant Yvette Barbari, RN is the only appellant with respect to this Notice of Appeal as all remaining defendants have been dismissed. Below is a roster of the parties to this appeal that identifies their counsel by name, address, telephone number, and email address.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Defendant-Appellant<br><br>Yvette Barbari, RN | S. Frank Harrell – SBN 133437<br>sharrell@lynberg.com<br>G. Craig Smith – SBN 265676<br>csmith@lynberg.com<br>Lacey Sipsey – SBN 321297<br>lsipsey@lynberg.com<br>**LYNBERG & WATKINS**<br>A Professional Corporation<br>1100 W. Town & Country Road, Suite 1450<br>Orange, California 92868<br>(714) 937-1010 Telephone<br>(714) 937-1003 Facsimile |
| **PARTIES** | **COUNSEL OF RECORD** |
| Plaintiff-Appellee<br>Shawn R. Porio | John Burton – SBN 86029<br>**THE LAW OFFICES OF JOHN BURTON**<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103<br>Tel: (626) 449-8300<br>jb@johnburtonlaw.com<br><br>John Fattahi – SBN 247625<br>**LAW OFFICES OF JOHN** |

1
**REPRESENTATION STATEMENT**

| | **FATTAHI**<br>21250 Hawthorne Boulevard, Suite 500<br>Torrance, CA 90503<br>Tel: (424) 999-5579<br>jfattahi@gmail.com |
|---|---|

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**2**
**REPRESENTATION STATEMENT**