John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300

Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

John Fattahi, State Bar No. 247625
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Boulevard, Suite 500
Torrance, CA 90503
Tel: (424) 999-5579

*Attorneys for Plaintiff Shawn R. Porio*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN R. PORIO,<br><br>    Plaintiff,<br><br>vs.<br><br>YVETTE BARBARI, RN,<br><br>    Defendant. | Case No. 8:22-CV-00812 RGK (ADSx)<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS [Dkt. 300]; DECLARATION OF JOHN FATTAHI**<br><br>(no hearing set) |

Defendant Yvette Barbari, RN's Application to the Clerk for costs of $24,579.78 against Plaintiff Shawn R. Porio should be reduced to $1,275.80. The remaining $23,303.98 in costs are not taxable against Plaintiff under L.R. 54-2. Pursuant to L.R. 54-2.2, counsel met and conferred, but no agreements could be reached. Fattahi Decl. ¶ 8.

### I.     Item 2 should be reduced from $3,758.91 to $110.00.

Invoices for Federal Express delivery to various individuals, totaling $369.05, do not fall within the scope of L.R. 54-3.2. *See* Dkt. 300-1 at 3-11. Defendant has not provided any documentation that she served any of these individuals with process under Rule 4, or with subpoenas under Rule 45.

Except for $110.00 in taxable service costs, the Array document subpoena invoices totaling $3,389.86 do not fall within the scope of L.R. 54-3.2. *See* Dkt. 300-1 at 12-23. OC Global and Care Ambulance had no involvement in this case; thus, that $659 was not necessarily incurred. *Id.* at 12-15; Fattahi Decl. ¶ 3. The only compensable fee for service on St. Joseph's Hospital and MemorialCare Long Beach Medical Center is $55 each, for a total of $110. Dkt. 300-1 at 16, 19. The other fees in the invoices do not fall within the Local Rule. Fees for service of additional subpoenas on St. Joseph's and MemorialCare for billing and radiology records (which also include improper additional fees) are not reasonable, as a single subpoena could have requested all of those records. *Id.* at 17-18, 20-22. Another duplicative subpoena on MemorialCare that apparently was not even served is not reasonable. *Id.* at 23.

Costs for service of Defendant's deposition subpoena on Dr. Woo, along with other improper fees, were not necessarily incurred, because it occurred after the discovery cut-off and there was no reason for rush service. Dkt. 300-1 at 24; Fattahi Decl. ¶ 4. The deposition did not occur. Fattahi Decl. ¶ 4. Indeed, Defendant's failure to properly disclose Dr. Woo as a retained expert led the Court to grant Plaintiff's motion in limine to exclude Dr. Woo from testifying as an expert witness at trial, and Defendant did not even list him to prospective jurors as a potential witness. Fattahi Decl. ¶ 4. Costs for service of Defendant's trial subpoena on Dr. Woo, along with other improper fees, should be disallowed for the same reasons. Dkt. 300-1 at 26.

Fees for rush service, prep, fee advancement, and a "custodian fee" for service on Ireneo Flores, ostensibly for a trial subpoena, were not necessarily incurred. Plaintiff, not Defendant, called Officer Flores as a witness and arranged for his

appearance at trial, including service of his trial subpoena. Fattahi Decl. ¶ 5. Even if some reimbursement was appropriate, the maximum recoverable amount would be $55 for normal service. Dkt. 300-1 at 25.

## II. Item 5 should be reduced from $7,461.65 to $1,165.80.

Defendant seeks reimbursement of $7,461.65 for deposition transcripts. The costs should either be either reduced to JCUS maximum rates or disallowed for failure to comply with L.R. 54-3.5, which provides:

> The reasonable cost of preparing the original transcription of the oral portion of a deposition for ordinary, non-expedited delivery after the deposition is taxable if the transcript is used for any purpose in connection with the case. Any additional charges paid to expedite the preparation of the transcription, and any charges for "real time" views of the transcription during the deposition, are not taxable unless the judge so orders or counsel stipulate in writing before the costs are incurred. The reasonable cost of one additional copy of the transcript, in any form (including a rough draft), is taxable. The reasonable cost of one copy of the transcript is also taxable when purchased by a party that did not purchase the original. The transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must be provided.

L.R. 54-3.5.

The maximum per-page transcript rate set by JCUS is $4.40 for an original and $0.75 for the first copy, and $1.10 for a party who is only ordering a copy. See https://www.uscourts.gov/court-programs/federal-court-reporting-program#rates. Defendant does not seek reimbursement at these rates or explain why higher rates are reasonable under the circumstances.

Local Rule 54-3.5 also provides: "Failure to provide itemized invoices breaking out the per-page cost of transcripts from other costs, such as expediting, binding, or shipping fees, will be sufficient grounds for not taxing the cost." Several of Defendant's invoices do not disclose either the number of pages or the per-page rates. Dkt. 300-2 at 7-10. Defendant's invoices also include costs that are not taxable, such as "rough draft," and "processing/scheduling." Dkt. 300-2 at 8-10.

For the transcript invoices that reveal the number of pages, reimbursement at the maximum JCUS rate is limited to $444.40 (74+143+94+46+47 pages at $1.10 per page), plus recoverable electronic transcript and handling charges of $390, plus exhibits charges of $331.40, for a total of $1,165.80.

### III. Item 10(a) should be disallowed in full.

Defendant seeks $545.06 for "mandatory chamber copies," but the Court's Standing Order provides that "Chambers copies are not required at this time . . . ." Dkt. 67 at 7.

### IV. Item 10(g) should be disallowed in full.

Defendant seeks $12,814.16 for reproducing material necessarily obtained for use in the case. None of these costs should be taxed against Plaintiff. L.R. 54-3.10(g) provides:

> The cost of physically replicating or reproducing material necessarily obtained for use in the case (including copies obtained to be produced in discovery) in any format in which such material is required to be produced and with any required characteristics (such as metadata or manipulability) intact. To claim costs incurred in producing material in a required format, the agreement or order imposing the relevant requirements must be attached. Any party seeking taxation of costs under this local rule must provide a consolidated itemization of copying costs, setting forth with

> specificity, particularity, and clarity the distinct tasks and services performed. Only costs associated with copying documents or reproducing other material for actual use in the case are allowed. Costs incurred for the convenience of counsel or as prefatory steps in the discovery process before copying documents for actual production are not recoverable.

L.R. 54-3.10(g).

Copying charges paid to copying services for documents produced in response to third-party document subpoenas should be disallowed, as these were prefatory steps in the discovery process, as opposed to copying documents for actual production. Dkt. 300-4 at 2-9. None of these documents were produced by Defendant to other parties or introduced into evidence at trial. Fattahi Decl. ¶ 6.

Costs of videotaped depositions, totaling $1,212.50, are not recoverable, and are expressly precluded by L.R. 54-3.5(a). Dkt. 300-4 at 10-13.

The costs of printing Defendant's and Plaintiff's trial exhibits, including flash drives and pickup/delivery, were for the convenience of counsel, and as such are not recoverable. Dkt. 300-4 at 14-15. As a courtesy, Plaintiff provided Defendant with electronic and hard-copy binders of Plaintiff's trial exhibits. Fattahi Decl. ¶ 7. Defendant presented her trial exhibits electronically. *Id.* To the extent the Court required Defendant to provide one physical copy of her exhibits, the invoices submitted fails to separately list any such recoverable costs as opposed to nonrecoverable costs such as copies of Plaintiff's exhibits, and thus should be disallowed in full.

The costs of binders and binder preparation are not taxable. Dkt. 300-4 at 14, 17-21.

Labor costs, including for Defendant's litigation support contractor at hourly rates up to $225, Dkt. 300-4 at 17-21, are not taxable: "[N]either § 1920 nor Local Rule 54-3 provides that such costs are taxable, and Defendant is therefore not entitled to reimbursement for these costs." *Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1050

Case 8:22-cv-00812-RGK-ADS    Document 302    Filed 02/24/25    Page 6 of 8    Page ID
#:5804

(C.D. Cal. 2014), citing *Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, 2007 WL 832935, at *3 (N.D. Cal. Mar. 19, 2007) (fees for video technician not taxable).

For the foregoing reasons, the Clerk should tax costs of $1,275.80, and disallow the remainder of Defendant's request for failure to provide sufficient support (Code C), as outside the scope of the Local Rule (Code D), and for failing to provide sufficient breakdown between taxable and non-taxable costs (Code E).

Respectfully submitted,

DATED: February 24, 2025       THE LAW OFFICES OF JOHN BURTON
                                THE LAW OFFICES OF DALE K. GALIPO
                                LAW OFFICE OF JOHN FATTAHI


                                By      /s/ John Fattahi
                                    John Fattahi
                                    Attorneys for Plaintiff

-6-    Case No. 8:22-CV-00812 RGK (ADSx)
PL.'S OBJECTIONS TO DEF.'S APP. TO TAX COSTS

# DECLARATION OF JOHN FATTAHI

I, John Fattahi, declare as follows:

1. I am an attorney of record for Plaintiff Shawn R. Porio. I have personal knowledge of the facts contained in this declaration and if called to testify I could and would competently testify thereto.

2. Defendant's Application to the Clerk seeking to tax costs of $24,579.78 against Plaintiff should be reduced to $1,275.80. The remaining $23,303.98 in costs are not taxable against Plaintiff under L.R. 54-2.

3. OC Global and Care Ambulance had no involvement in this case.

4. Defendant's deposition subpoena on Dr. Woo occurred after the discovery cut-off. The deposition did not occur. Indeed, Defendant's failure to properly disclose Dr. Woo as a retained expert led the Court to grant Plaintiff's motion in limine to exclude Dr. Woo from testifying as an expert witness at trial, and Defendant did not even list him to prospective jurors as a potential witness.

5. Plaintiff, not Defendant, called Officer Flores as a witness and arranged for his appearance at trial, including service of his trial subpoena.

6. Copying charges paid to copying services for documents produced in response to third-party document subpoenas (*see* Dkt. 300-4 at 2-9) were prefatory steps in the discovery process, as opposed to copying documents for actual production. None of these documents were produced by Defendant to other parties or introduced into evidence at trial.

7. The costs of printing Defendant's and Plaintiff's trial exhibits, including flash drives and pickup/delivery, were for the convenience of counsel. As a courtesy, Plaintiff provided Defendant with electronic and hard-copy binders of Plaintiff's trial exhibits. Defendant presented her trial exhibits electronically.

/ / /

/ / /

8. Pursuant to L.R. 54-2.2, after emailing the substance of these objections to all defense counsel, I met and conferred telephonically with Defendant's counsel Craig Smith on February 19, 2025, in an effort to resolve disagreement about the taxable costs claimed in the bill, but no agreements could be reached.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on February 24, 2025, at Torrance, California.

/s/ John Fattahi