S. FRANK HARRELL - SBN 133437
sharrell@lynberg.com
G. CRAIG SMITH – SBN 265676
csmith@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant,
YVETTE BARBARI, RN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>Plaintiff,<br><br>vs.<br><br>YVETTE BARBARI, RN<br><br>Defendant. | CASE NO. 8:22-cv-812 RGK (ADSx)<br>[Appellate Court Case No. 25-265]<br><br>*Assigned for All Purposes to:*<br>*Hon. R. Gary Klausner – Courtroom 850*<br><br>**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS [Dkt. 300]; DECLARATION OF G. CRAIG SMITH**<br><br>(no hearing set)<br><br>*Trial Date:         January 21, 2025*<br>*Complaint Filed: April 13, 2022* |

1
**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................ 6

II.   ITEM 2 SHOULD NOT BE REDUCED ......................................................... 7

    A.   Costs Related to Service of Subpoenas Are Taxable .............................. 7

    B.   Costs for Service of Subpoenas of Dr. Woo Are Taxable ...................... 8

    C.   Costs for Service of Subpoena of Ireneo Flores Are Taxable ................ 8

III.  ITEM 5 SHOULD NOT BE REDUCED ......................................................... 9

IV.   DEFENDANT WITHDREW ITEM 10(A) .................................................... 12

V.    ITEM 10(g) SHOULD NOT BE REDUCED ................................................ 12

VI.   NURSE BARBARI SUBMITS AN AMENDED APPLICATION TO THE CLERK TO TAX COSTS ................................................................... 17

VII.  CONCLUSION ............................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

Alfex Corp. v. Underwriters Lab., Inc.
    914 F.2d 175 (9th Cir.1990) ................................................................... 7, 8, 9

Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.
    2007 WL 832935 (N.D. Cal. Mar. 19, 2007) .................................................. 16

Ass'n of Mexican American Educators v. State of California
    231 F.3d 572 (9th Cir.2000) ............................................................................ 6

BDT Prods., Inc. v. Lexmark Int'l, Inc.
    405 F.3d 415 (6th Cir. 2005) ......................................................................... 14

Beamon v. Marshall & Ilsley Trust Co.
    411 F.3d 854 (7th Cir. 2005) ......................................................................... 14

Champion Produce, Inc. v. Ruby Robinson Co., Inc.
    342 F.3d 1016 (9th Cir.2003) .......................................................................... 6

Daniel v. Ford Motor Co.
    No. CV21102890WBSEFB, 2018 WL 1960653
    (E.D. Cal. Apr. 26, 2018) ......................................................................... 11, 14

Dowd v. City of Los Angeles
    28 F. Supp. 3d 1019 (C.D. Cal. 2014) ........................................................... 16

eBay Inc. v. Kelora Sys., LLC
    No. C 10-4947 CW (LB), 2013 WL 1402736
    (N.D. Cal. Apr. 5, 2013) .......................................................................... 13, 15

Escriba v. Foster Poultry Farms
    2012 WL 174847 (E.D. Cal. 2012) .................................................................. 6

Gorelangton v. City of Reno By & Through City of Reno Council of Councilpersons
    638 F. Supp. 1426 (D. Nev. 1986) ............................................................... 7, 9

In re Online DVD-Rental Antitrust Litig.
    779 F.3d 914 (9th Cir. 2015) ......................................................................... 13

In re Ricoh Co., Ltd. Patent Litigation (In re Ricoh)
    661 F.3d 1361 (2011) .................................................................................... 12

Jones v. County of Sacramento
    No. CIV S–09–1025 DAD, 2011 WL 3584330
    (E.D. Cal. Aug.12, 2011) ............................................................................... 11

3

**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**

MEMC Elec. Materials v. Mitsubishi Materials
  No. C–01–4925 SBA(JCS), 2004 WL 5361246 (N.D. Oct. 22, 2004)...........14

Morrison v. Reichhold Chems., Inc.
  97 F.3d 460 (11th Cir. 1996)..............................................................................14

Nielsen v. Trofholz Techs., Inc.
  No. CIV. 2:09-960 WBS, 2010 WL 5136164 (E.D. Cal. Dec. 9, 2010) ........14

Oyarzo v. Tuolumne Fire Dist.
  Civ. No. 1:11–1271 SAB, 2014 WL 1757217
  (E.D Cal. Apr. 30, 2014) ...................................................................11, 12, 15

Parrish v. Manatt, Phelps & Phillips, LLP
  C 10–03200 WHA, 2011 WL 1362112 (N.D.Cal. Apr. 11, 2011) .................13

Rosa v. City of Seaside
  2010 WL 583953 (N.D. Cal. 2010)...................................................................6

Save Our Valley v. Sound Transit
  335 F.3d 932 (9th Cir. 2003).............................................................................6

Tilton v. Capital Cities/ABC, Inc.
  115 F.3d 1471 (10th Cir.1997).........................................................................14

TransPerfect Glob., Inc. v. MotionPoint Corp.
  No. C-10-02590 CW (DMR), 2014 WL 1364792
  (N.D. Cal. Apr. 4, 2014)...................................................................................17

Vectren Communications Services v. City of Alameda
  No. C 08–3137 SI, 2014 WL 3612754 (N.D. Cal. July 22, 2014)..................17

STATUTES

28 U.S.C. § 1920................................................................................................18

28 U.S.C. § 1920(4) ...........................................................................................12

28 U.S.C. 1920(2) ..............................................................................................17

**4**
**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**

# RULES

Fed. R. Civ. P. 54 .................................................................................................. 6

Local Rule 54 ........................................................................................................ 18

Local Rule 54-3.10(g) ........................................................................................... 12

Local Rule 54-3.5 ............................................................................................ 10, 11

Local Rule 54-3.5(a) ....................................................................................... 10, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Under Fed. R. Civ. P. 54's plain terms, a prevailing party should be awarded costs, unless "a court order provides otherwise." As such, "the rule creates a presumption in favor of awarding costs to a prevailing party." Ass'n of Mexican American Educators v. State of California, 231 F.3d 572, 592 (9th Cir.2000) (en banc); see, Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir.2003) ("[C]osts are to be awarded as a matter of course in the ordinary case."). Stated otherwise, Rule 54 "requires the losing party to show why costs should not be awarded." Rosa v. City of Seaside, 2010 WL 583953 (N.D. Cal. 2010), citing and quoting, Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

While a district court has discretion to deny costs, it must "specify reasons," explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Champion Produce v. Ruby Robinson Co., Inc., supra, 342 F.3d at 1022; see, Escriba v. Foster Poultry Farms, 2012 WL 174847 (E.D. Cal. 2012)("The losing party bears the burden of providing such reasons to the court.") Conversely, the Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

Indeed, in this matter, Plaintiff objected to the proposed judgment submitted by Nurse Barbari on the basis that it awarded costs to the prevailing party, Nurse Barbari. (Dkt. 297). The Court overruled these objections and specifically awarded costs for Nurse Barbari. (Dkt. 297 and 298).

## II. ITEM 2 SHOULD NOT BE REDUCED

### A. Costs Related to Service of Subpoenas Are Taxable

The items listed in Item 2 should not be reduced as the costs are taxable under Local Rule 54-3.2 and 28 U.S.C. § 1920. The evidence presented in support of Nurse Barbari's Application are the FedEx receipts in the sum of $369.05 that reflect the cost incurred by Nurse Barbari to mail subpoenas, which is recoverable. Similarly, the costs incurred in serving subpoenas to various entities through the process server Array totaling $3,389.86 are also recoverable. Defendant may recover for the costs in the private serving of summonses or subpoenas under § 1920(1). See Alfex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 178 (9th Cir.1990) ("Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1)."); Gorelangton v. City of Reno By & Through City of Reno Council of Councilpersons, 638 F. Supp. 1426 (D. Nev. 1986) (finding that "Costs of service of subpoenas on witnesses to require their appearance at trial of $346 were taxable against single defendant out of 14 found liable on behalf of single plaintiff out of five who prevailed in civil rights action, where employment of paid process server was reasonably necessary, with service by United States marshal not being available, cost of service was expense of litigation normally billed to fee-paying client, and persons subpoenaed all appeared to have information important to case of party who prevailed. 28 U.S.C.A. § 1920; 42 U.S.C.A. § 1988."); Gorelangton v. City of Reno By & Through City of Reno Council of Councilpersons, 638 F. Supp. 1426 (D. Nev. 1986) (finding that "Federal Express charges of $23 for rush shipment to expert witness, which cost was type of cost ordinarily billed separately to fee-paying client, was allowable as taxable cost to successful plaintiff in civil rights action.").

Plaintiff fails to cite any authority to support his argument that the fees

contained within the Array invoices should be reduced. As provided for above, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1). <u>Alfex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175, 178 (9th Cir.1990). Therefore, Nurse Barbari's taxable costs, set forth in Item 2 should not be reduced.

### B. Costs for Service of Subpoenas of Dr. Woo Are Taxable

Dr. Woo was listed as a percipient witness on the witness list, was permitted to testify as one, and was listed to jurors in the first trial as a prospective witness. (Smith Decl., ¶ 6.) Dr. Woo was issued a trial subpoena as a percipient witness, on call to testify during the first trial and defense counsel spoke with him the night before Defendant's case-in-chief to confirm his attendance as a percipient witness. (Smith Decl., ¶ 7). Nurse Barbari made the strategic decision not to call him as a percipient witness. (Smith Decl., ¶ 8). However, the fee was reasonably incurred because there was a likelihood that he would be called as a percipient witness to rebut Plaintiff and Plaintiff's brother-in-law's testimony. (Smith Decl., ¶ 8). Making a strategic decision not to call Dr. Woo given the strict time constraints during the first trial and testimony that was received during trial does not render the costs disallowed by the rules.

Plaintiff has not cited any authority to support his position that the fees incurred with respect to subpoenas served to Dr. Woo are not taxable. Therefore, this argument should be disregarded.

### C. Costs for Service of Subpoena of Ireneo Flores Are Taxable

The costs associated with Officer Ireneo Flores were necessarily incurred and are taxable. Officer Flores was listed as a witness on Nurse Barbari's witness list. (Smith Decl., ¶ 9). Nurse Barbari could not rely upon Plaintiff calling him as a witness in his case-in-chief. (Smith Decl., ¶ 8). Defense counsel conducted a direct examination of Officer Flores during Plaintiff's case-in-chief. (Smith Decl., ¶ 10). Had Plaintiff not called Officer Flores as a witness, Nurse Barbari would have.

1  (Smith Decl., ¶ 10). Therefore, these costs were necessarily incurred and are taxable.

2  Plaintiff has not cited any authority to support his position that the fees incurred with respect to the subpoena served to Ireneo Flores and the associated costs are not taxable. <u>Alfex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175, 178 (9th Cir.1990); <u>Gorelangton v. City of Reno By & Through City of Reno Council of Councilpersons</u>, 638 F. Supp. 1426 (D. Nev. 1986) (finding that "Federal Express charges of $23 for rush shipment to expert witness, which cost was type of cost ordinarily billed separately to fee-paying client, was allowable as taxable cost to successful plaintiff in civil rights action.").

As provided for above, service costs of subpoenas are taxable. Therefore, this argument should not be considered by the Court.

### III.   ITEM 5 SHOULD NOT BE REDUCED

First, Plaintiff noticed the depositions of Ireneo Flores, Brent Pardoen, David Phelan, Yvette Barbari, RN, Cameron Griggs, Jose Alex Salinas – not Nurse Barbari. (Smith Decl., ¶ 12). Therefore, Nurse Barbari did not choose the Court reporter's company or their rates and had no choice but to pay the costs invoiced to obtain the deposition transcript copies of the above-named deponents. (Smith Decl., ¶ 12).  Indeed, it was Plaintiff who chose the reporter at the costs invoiced to Defendant; thus, Plaintiff believed the costs to be reasonable, and Defendant was hostage to the invoice costs in obtaining a copy.

Second, Co-Defendant City of Tustin noticed the deposition of Plaintiff Shawn Porio – not Nurse Barbari. (Smith Decl., ¶ 13). Therefore, Nurse Barbari did not choose the Court reporting company or their rates and had no choice but to pay the costs invoiced to obtain a copy of Plaintiff's deposition transcript. (Smith Decl., ¶ 13).

For these reasons, Nurse Barbari did not have any control over the prices set by these deposition companies, nor did she have any control over how they

9
**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**

generated their invoices. Nurse Barbari has presented the evidence she has which substantially complies with Local Rule 54-3.5's itemization requirements.

Furthermore, the rate set by Judicial Conference of the United States ("JCUS") is a national standard that does not take into consideration the variation of the cost of living and expenses in different areas of the country. The deposition transcript copy costs for Dr. Homer Venters, Dr. Chitra Venkatasubramanian, and Dr. Taylor Kuhn are reasonable within the locality of Southern California given that this is a higher cost of living area. (Smith Decl., ¶ 14).

The costs of Dr. Homer Venters, Dr. Chitra Venkatasubramanian, and Dr. Taylor Kuhn's deposition transcript copies include one original copy and certified copy of the transcript, which is permitted by Central District Local Rule 54-3.5(a). (Smith Decl., ¶ 15).

The cost for both the original and one certified copy of Dr. Homer Venters' deposition transcript [117 pages] was $1,355.00. When broken down, that is approximately $677.50 per deposition copy. (Smith Decl., ¶ 16).

The cost for both the original and one certified copy of Dr. Chitra Venkatasubramanian's deposition transcript [72 pages] was $1,241.00. When broken down, that is approximately $620.50 per deposition copy. (Smith Decl., ¶ 17).

The cost for both the original and one certified copy of Dr. Taylor Kuhn's deposition transcript [73 pages] was $1,322.00. When broken down, that is approximately $661.00 per deposition copy. (Smith Decl., ¶ 18).

The costs stated above are comparable to the costs invoiced by the Los Angeles, California based reporter company, Norman Schall & Associates, chosen by Co-Defendant City of Tustin. Therein, Norman Schall & Associates charged $1,000.25 for one e-copy of Plaintiff's deposition transcript which was 181 pages. (Smith Decl., ¶ 19).

The reporter company chosen by Plaintiff, Ron Fernicola & Associates is based out of Coeur D'Alene, Idaho and therefore their costs cannot be compared to companies based in Southern California. (Smith Decl., ¶ 20).

It is not mandatory that the costs of deposition transcripts be limited to the standards set by JCUS. In fact, the rule simply states that the JCUS rates will "generally be considered reasonable". L.R. 54-3.5(a). Plaintiff does not cite any authority stating that JCUS rates are mandatory. Nurse Barbari has also now submitted a declaration in support of the above assertions establishing the reasonableness of the deposition transcript fees incurred.

Local Rule 54-3.5 provides that "In addition, reasonable fees for the following are taxable: 1. binding, 2. Bates stamping, 3. non-expedited shipping and handling, 4. ASCII disks, 5. production and code compliance charges, 6. electronic transmission charges for non-expedited electronic delivery of a transcript, 7. miniscripts, and 8. witness handling charges." Furthermore, Courts have held that a party "may recover costs for the original and one certified copy of the deposition transcripts, as well as exhibit fees, read and sign fees, shipping and handling fees, production and processing fees, and fees for the court reporter's attendance, mileage, and parking, which all appear necessary to obtain the transcripts." See Oyarzo v. Tuolumne Fire Dist., Civ. No. 1:11–1271 SAB, 2014 WL 1757217, at *8 (E.D Cal. Apr. 30, 2014). (See also Lenart Decl. (Docket No. 287–1).)" Daniel v. Ford Motor Co., No. CV21102890WBSEFB, 2018 WL 1960653, at *4 (E.D. Cal. Apr. 26, 2018); see also Jones v. County of Sacramento, No. CIV S–09–1025 DAD, 2011 WL 3584330, at *2 (E.D. Cal. Aug.12, 2011) (quoting Nielsen v. Trofholz Technologies, Inc., No. CIV. 2:09–960 WBS KJN, 2010 WL 5136164 at *2 (E.D.Cal.Dec.9, 2010)).

Rough draft copies of deposition transcripts are also taxable. L.R. 54-3.5(a) ("[t]he reasonable cost of one additional copy of the transcript, in any form

1 (including a rough draft), is taxable.").

2 Lastly, Nurse Barbari has excluded any and all costs to expedite the deposition transcripts in her Application to the Clerk to Tax Costs. Accordingly, Nurse Barbari has complied with Central District Local Rule 54-3.5(a).

5 Plaintiff does not cite any legal authority other than the general local rules to support his position. However, Nurse Barbari has provided the above legal authority justifying the costs incurred to reproduce the deposition transcripts and the corresponding fees incurred.

9 For these reasons, Nurse Barbari's taxable costs in Item 5 should not be reduced.

## IV.   DEFENDANT WITHDREW ITEM 10(a)

Nurse Barbari withdrew the taxable costs listed in Item 10(a) of the Application to the Clerk to Tax Costs. (Smith Decl., ¶¶ 3-4; Exh. "A"). Nurse Barbari submits herewith an Amended Application to the Clerk to Tax Costs reflecting this withdrawal. (Smith Decl., ¶ 3; Exh. "A").

## V.   ITEM 10(g) SHOULD NOT BE REDUCED

The costs incurred as stated in 10(g) and the supporting evidence were necessarily and reasonably incurred pursuant to 28 U.S.C. § 1920(4) and Local Rule 54-3.10(g).

"Pursuant to section 1920, the "costs of making copies of any materials" are recoverable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "This does not require, however, that the copies actually be used in the case or made part of the record." In re Ricoh Co., Ltd. Patent Litigation (In re Ricoh), 661 F.3d 1361, 1367 (2011)." Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *15 (E.D. Cal. Apr. 30, 2014). "Cost statute is not so restrictive as to specifically require that the copied document be introduced into the record to be an allowable cost. 28 U.S.C.A. § 1920(4)." In re Online DVD-

12
**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**

Rental Antitrust Litig., 779 F.3d 914 (9th Cir. 2015).

Plaintiff's argument that charges paid to copying services for documents produced in response to third-party documents subpoenas should be disallowed is not persuasive. First, costs for exemplification and making copies of materials necessarily obtained for use in the case are taxable—not just documents that are produced. "Under section 1920(4), the court may tax 'fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.' Congress amended section 1920 in 2008 to substitute 'the costs of making copies of any materials' for 'the costs of copies of papers.' That pulled the electronic equivalent of papers into the arena of compensable costs under section 1920(4)." eBay Inc. v. Kelora Sys., LLC, No. C 10-4947 CW (LB), 2013 WL 1402736, at *4 (N.D. Cal. Apr. 5, 2013).

These costs necessarily include costs related to collecting the documents, reviewing the documents, and determining which are relevant, all of which Nurse Barbari did and has provided evidence of such in an itemized format in the supporting documents. "Taxable costs of copying client documents include the costs of collecting documents, reviewing those documents, and determining which are relevant. Parrish v. Manatt, Phelps & Phillips, LLP, C 10–03200 WHA, 2011 WL 1362112, at *2 (N.D. Cal. Apr. 11, 2011) (the process often is costly but the costs nonetheless are taxable)." eBay Inc. v. Kelora Sys., LLC, No. C 10-4947 CW (LB), 2013 WL 1402736, at *5 (N.D. Cal. Apr. 5, 2013). Plaintiff cites no authority to the contrary.

The costs of videotaped depositions listed in Item 10(g) of the Application in the amount of $1,212.50 are recoverable as they were necessary to Nurse Barbari's defense of this case and litigation. Nurse Barbari only included the cost of the videotapes/recording of certain depositions and did not include charges related to the video/recording operator, delivery charge, or other miscellaneous charges which

1 is apparent from the redacted portions of the supporting evidence. Here, Nurse Barbari used the videotaped depositions cited in the taxable costs in preparing her defense of this case and anticipated to use the videotaped depositions for impeachment during trial, should that have been necessary. Therefore, the videotaped/recorded depositions were reasonably necessary for litigation. "Courts have awarded costs for both a videotaped and stenographic transcript of a deposition when both were reasonably necessary for the litigation.) Nielsen v. Trofholz Techs., Inc., No. CIV. 2:09-960 WBS, 2010 WL 5136164, at *1 (E.D. Cal. Dec. 9, 2010) (citing Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005); BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419–20 (6th Cir. 2005); Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1478 (10th Cir.1997); Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464–65 (11th Cir. 1996)). "The court also finds that defendant may recover costs for the deposition videos billed here because defendant anticipated that the videos could be used at trial and used the videos to review plaintiffs' proposed video designations and select its own counter-designations. Thus, the videos were not duplicative of the transcripts." Daniel v. Ford Motor Co., No. CV21102890WBSEFB, 2018 WL 1960653, at *4 (E.D. Cal. Apr. 26, 2018) (citing MEMC Elec. Materials v. Mitsubishi Materials, No. C–01–4925 SBA(JCS), 2004 WL 5361246, *3–5 (N.D. Oct. 22, 2004) (allowing costs for both printed transcripts and videotaping of depositions)). Plaintiff cites no authority to the contrary.

The costs of printing the trial binders, including flash drives and pickup/delivery, listed as taxable by Nurse Barbari, are recoverable as they are necessary to litigation.

Even before the 2008 substitution in section 1920(4) of 'costs of making copies of any materials' to 'costs of making copies,' courts recognized that electronic copying (such as scanning) can be taxed under section

1920(4). See Plantronics, 2012 WL 6761576, at * 12 (collecting cases). Applying that reasoning, this court held in Plantronics that 'exemplification' includes scanning and converting electronically-stored files in native format to ADOBE or TIFF format. *Id.* The court also awarded costs for ancillary tasks that are common to electronic or paper discovery, including Bates stamping (including electronic Bates stamping), putting information on media such as a CD, DVD, or hard drive, and putting slipsheets or a marker to establish document breaks. *Id.* (collecting and analyzing cases). Without this organization, any copy is relatively useless.

eBay Inc. v. Kelora Sys., LLC, No. C 10-4947 CW (LB), 2013 WL 1402736, at *7 (N.D. Cal. Apr. 5, 2013). Plaintiff cites no authority to the contrary.

The costs of binders and binder preparation, as listed by Nurse Barbari in Item 10(g) are taxable as they were required by the Court. "The costs of document assembly fees for tabs and folders may be awarded if such costs are related to categories of documents to which the recovery of reproduction costs is appropriate under section 1920(4). In re Ricoh, 661 F.3d at 1368 n. 3. Courts have held that the costs for binders and tabs for each exhibit are taxable when the Court orders the parties to produce them for trial. Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *21 (E.D. Cal. Apr. 30, 2014) ("In this instance, the Court ordered the parties to produce trial binders with tabs for each exhibit. The Court finds that costs for binders and tabs are reasonably obtained for trial of this matter."). Furthermore, copies of trial exhibits and documents produced by Plaintiff to Nurse Barbari are taxable. Hesterberg v. United States, 75 F. Supp. 3d 1220, 1227 (N.D. Cal. 2014) ("Per the rules of this District, Plaintiff may recover the cost of printing trial exhibits and documents that Defendant produced in discovery, which constitute the lion's share of requested costs sought in this category. To that end,

because the Court requires the parties to put trial exhibits in binders, Plaintiff may recover various "extras" associated with printing trial exhibits, such as the cost of hole-punching, binders, and tabs."). Plaintiff cites no authority to the contrary.

Nurse Barbari did not include any costs for the litigation support contractor, only including the costs related to reproducing materials for litigation and the trial. Plaintiff cites to case law that prohibits costs related to litigation support contractors who assisted in putting on evidence at trial—Nurse Barbari specifically excluded these costs. Nurse Barbari did not even include the costs to prepare the electronic trial notebooks used during trial.

Plaintiff cites to the Dowd case however, that case only blanketly relates to "costs for trial technician services" but fails to indicate what these services were actually for. See Dowd v. City of Los Angeles, 28 F. Supp. 3d 1019, 1050 (C.D. Cal. 2014). The Am. Color Graphics, Inc. case relates solely to technician presenters at trial—Nurse Barbari specifically excluded these costs, therefore the cases cited by Plaintiff are ineffective. Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co., 2007 WL 832935, at *3 (N.D. Cal. Mar. 19, 2007).

However, the costs expended by Nurse Barbari for trial exhibits, and those placed on USB drives are taxable as recoverable costs.

Nurse Barbari's $12,814.16[1] costs for document copying of trial exhibits, bates numbering, document printing, and preparation to do the same, were all expended in preparing trial exhibits. For these reasons, the costs listed by Nurse Barbari are taxable.

---

[1] Nurse Barbari submits concurrently herewith her Amended Application to Tax Costs which includes the additional cost of $6,695.00 for trial transcripts. Therefore, the full sum of Item 10(g) is $19,509.16.

16
**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**

## VI. NURSE BARBARI SUBMITS AN AMENDED APPLICATION TO THE CLERK TO TAX COSTS

As provided for above, Nurse Barbari agreed to withdraw the $545.06 in fees for mandatory chamber copies listed in Item 10(a) of her Application. Submitted herewith, Nurse Barbari submits her Amended Application to the Clerk to Tax Costs. (Smith Decl., ¶ 3; Exh. "A").

Nurse Barbari also has amended the application to add the costs of taxable trial transcripts in the sum of $6,695.00 to Item 10(g). (Smith Decl., ¶ 5). Nurse Barbari informed Plaintiff of her intent to amend the initial application to add these costs during the parties' meet and confer on February 19, 2025. (Smith Decl., ¶¶ 4-5).

This fee is taxable under 28 U.S.C. 1920(2) if necessarily obtained for use in the case. 28 U.S.C. 1920(2); See Vectren Communications Services v. City of Alameda, No. C 08–3137 SI, 2014 WL 3612754, at *2–3 (N.D. Cal. July 22, 2014) (Holding that the plaintiff could recover the costs of obtaining trial transcripts because, although the use of transcripts did not fall within the exact scenarios set forth in the local rule, the plaintiff had demonstrated that it used the transcripts extensively during the month-long trial and in filing post-trial motions); TransPerfect Glob., Inc. v. MotionPoint Corp., No. C-10-02590 CW (DMR), 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014) (Holding that party could tax the costs of daily trial transcripts if obtained for the purpose of filing an appeal).

In the instant case, Nurse Barbari requested the services of the court reporter to obtain the trial transcripts for the first trial held on December 10, 2024 through December 13, 2024. These transcripts were used to prepare Nurse Barbari's initial Rule 50(a) Motion for Judgment as a Matter of Law and Rule 50(b) Motion for Judgment as a Matter of Law which were filed with the Court and served to all parties. Nurse Barbari further requested the services of the court reporter to obtain

the trial transcripts for the second trial held on January 21, 2025 through January 23, 2025. These transcripts were used to prepare Nurse Barbari's second Rule 50(a) Motion for Judgment as a Matter of Law, however, this motion was not filed due to the favorable jury verdict obtained at trial. These transcripts were also acquired in the anticipation of filing an appeal of the case; for which Nurse Barbari did file an appeal in relation to her Rule 50(a) and Rule 50(b) Motions for Judgment as a Matter of Law related to the first trial. Furthermore, Plaintiff filed an appeal as well, further making these costs reasonable and recoverable.

The Amended Application: (1) removes the costs of mandatory chamber copies in section 10(a), thereby removing the original Exhibit "D" entirely; and (2) adds the costs of trial transcripts that were used in the case to section 10(g), thereby amending the original Exhibit "C" to reflect these costs, including the addition of page dividers. (Smith Decl., ¶ 3; Exh. "A").

## VII.  CONCLUSION

For the foregoing reasons, the Clerk should not reduce the taxable costs as requested by Plaintiff. Nurse Barbari has provided sufficient support for the costs represented in the Application and has established that the costs incurred were necessary for litigation in accordance with Local Rule 54 and 28 U.S.C. § 1920.

DATED: March 5, 2025	Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ G. Craig Smith*
**S. FRANK HARRELL**
**G. CRAIG SMITH**
Attorneys for Defendant
YVETTE BARBARI, RN

18
**DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**