S. FRANK HARRELL - SBN 133437
sharrell@lynberg.com
G. CRAIG SMITH – SBN 265676
CSMITH@LYNBERG.COM
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant
YVETTE BARBARI, RN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>Plaintiff,<br><br>vs.<br><br>YVETTE BARBARI, RN,<br><br>Defendant. | CASE NO. 8:22-cv-812 RGK (ADSx)<br><br>*Assigned for All Purposes to:*<br>*Hon. R. Gary Klausner – Courtroom 850*<br><br>**DECLARATION OF G. CRAIG SMITH IN SUPPORT OF DEFENDANT'S DEFENDANT YVETTE BARBARI, RN'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO THE CLERK TO TAX COSTS**<br><br>*Trial Date:*   January 21, 2025<br>*Complaint Filed: April 13, 2022* |

1
**DECLARATION OF G. CRAIG SMITH**

## DECLARATION OF G. CRAIG SMITH

I, G. Craig Smith, do state and declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and am a partner in the law firm of Lynberg & Watkins, A.P.C., attorneys of record for Defendant Yvette Barbari, RN ("Nurse Barbari") in the above-captioned matter.

2. I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those matters, I believe them to be true. If called upon to testify to the matters herein, I could and would competently do so. This Declaration is made in support of Defendant Yvette Barbari RN's Opposition to Plaintiff's Objections to Defendant's Application to the Clerk to Tax Costs ("Application").

3. Nurse Barbari hereby submits her Amended Application (attached hereto as Exhibit "A") to (1) remove the costs of mandatory chamber copies in section 10(a), thereby removing the original Exhibit "D" entirely; and (2) add the costs of trial transcripts that were used in the case to section 10(g), thereby amending the original Exhibit "C" to reflect these costs, including the addition of page dividers.

4. On February 19, 2025, I met and conferred with Plaintiff's counsel regarding the initial application. During this discussion I informed Plaintiff's counsel I was considering amending the application to remove the $545.06 costs sought to be taxed related to the mandatory chamber copies in section 10(a). The Amended Application reflects this deduction and does not include this cost in section 10(a).

5. During this discussion, I also informed Plaintiff's counsel that Nurse Barbari would amend the initial application to include the cost of trial transcripts which amount to a total sum of $6,695.00. Accordingly, the Amended Application

includes these additional costs in section 10(g).

6. Dr. Woo was listed as a percipient witness and was listed to jurors during the first trial.

7. Dr. Woo was on call to testify during the first trial and I even spoke with him the night before Defendant's case-in-chief to confirm his attendance as a percipient witness. It was not until the day of Defendant's case in chief that I made the strategic decision not to call him as a witness based upon the evidence that was presented by Plaintiff earlier that morning.

8. Nurse Barbari made the strategic decision not to call him as a percipient witness. However, the fee was reasonably incurred because there was a likelihood that he would be called as a percipient witness to rebut Plaintiff and Plaintiff's brother-in-law's testimony regarding damages.

9. Similarly, Officer Ireneo Flores was listed as a witness on Nurse Barbari's witness list. Nurse Barbari could not rely on Plaintiff calling him as a witness in his case-in-chief.

10. Defense counsel conducted a direct examination of Officer Flores during Plaintiff's case-in-chief. Had Plaintiff not called Officer Flores as a witness, Nurse Barbari would have.

11. During the conference of counsel held on February 19, 2025, the parties also discussed the reasonableness of the deposition transcript costs. To that effect, Nurse Barbari submits that the fees of the deposition transcript costs are reasonable.

12. Plaintiff noticed the depositions of Irineo Flores, Brent Pardoen, David Phelan, Yvette Barbari, RN, Cameron Griggs, Jose Alex Salinas – not Nurse Barbari. Therefore, Nurse Barbari did not choose the deposition transcript company or their rates and had no choice but to pay the costs invoiced to obtain the deposition transcript copies of the above-named deponents.

13. Co-Defendant City of Tustin noticed the deposition of Plaintiff Shawn

3
**DECLARATION OF G. CRAIG SMITH**

Porio – not Nurse Barbari. Therefore, Nurse Barbari did not choose the deposition transcript company or their rates and had no choice but to pay the costs invoiced to obtain a copy of Plaintiff's deposition transcript.

15. Moreover, the costs of Dr. Homer Venters, Dr. Chitra Venkatasubramanian, and Dr. Taylor Kuhn's deposition transcript copies include one original copy and certified copy of the transcript, which is permitted by Central District Local Rule 54-3.5(a).

16. The cost for both the original and one certified copy of Dr. Homer Venters deposition transcript [117 pages] was $1,355.00. When broken down, that is approximately $677.50 per deposition copy.

17. The cost for both the original and one certified copy of Dr. Chitra Venkatasubramanian's deposition transcript [72 pages] was $1,241.00. When broken down, that is approximately $620.50 per deposition copy.

18. The cost for both the original and one certified copy of Dr. Taylor Kuhn's deposition transcript [73 pages] was $1,322.00. When broken down, that is approximately $661.00 per deposition copy.

19. The costs stated above are comparable to the costs invoiced by the Los Angeles, California based reporter company, Norman Schall & Associates, chosen by Co-Defendant City of Tustin. Therein, Norman Schall & Associates charged $1,000.25 for one e-copy of Plaintiff's deposition transcript which was 181 pages.

20. The reporter company chosen by Plaintiff, Ron Fernicola & Associates is based out of Coeur D'Alene, Idaho and therefore their costs cannot be compared to companies based in Southern California.

21. Lastly, any and all costs to expedite the deposition transcripts have been excluded from Nurse Barbari's initial application and the Amended Application to the Clerk to Tax Costs. Accordingly, Nurse Barbari has complied with Central District Local Rule 54-3.5(a)

1 | I declare under penalty of perjury under the law of the United States of
2 | America that the foregoing is true and correct.
3 | Executed this 5th day of March, 2025, in Orange, California.

*/s/ G. Craig Smith*
**G. CRAIG SMITH, Declarant**