John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300

Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

John Fattahi, State Bar No. 247625
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Boulevard, Suite 500
Torrance, CA 90503
Tel: (424) 999-5579

*Attorneys for Plaintiff Shawn R. Porio*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN R. PORIO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>YVETTE BARBARI, RN,<br><br>　　　　Defendant. | Case No. 8:22-CV-00812 RGK (ADSx)<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S UNTIMELY AMENDED APPLICATION TO THE CLERK TO TAX COSTS [Dkt. 312]** |

　　　The Clerk should disregard or deny Defendant Yvette Barbari, RN's Amended Application to tax costs against Plaintiff Shawn R. Porio, Dkt. 312.

　　　The Application is untimely. Under Local Rule 54-2.1, Defendant was required to file a complete, detailed costs application "[w]ithin 14 days after the entry of judgment." L.R. 54-2.1. Judgment was entered on January 29, Dkt. 299, but Defendant

did not file her Amended Application until March 5. Defendant's amendment attempts to introduce new costs and new documentation. However, "[s]ufficient documentation to support the amount and taxability of each item, such as an invoice, receipt, or other record of the expenditure, must be attached to the Form CV-59 *when filed.*" L.R. 54-2.1 (emphasis added). Further, "[f]ailure to include an item in a *timely filed* Application to the Clerk to Tax Costs *or to attach sufficient documentation* to support an item will constitute grounds for not taxing that item." *Id.* (emphasis added).

Even if the Amended Application had been timely, it should be reduced to $1,275.80, as detailed in Plaintiff's Objections to Defendant's original (pending) costs application. *See* Pl.'s Objs., Dkt. 302. Defendant seeks to tax Plaintiff for the cost of transcripts from the first trial. Dkt. 312 at 2. But "the cost of a transcript of any court proceeding is not taxable unless, before the cost is incurred, it is approved by the Court or stipulated by counsel in writing to be recoverable." L.R. 54-3.4. Here, there was no such court approval or stipulation, and thus the cost is not taxable.

The Clerk should disregard or deny Defendant's untimely and meritless Amended Application.

Respectfully submitted,

DATED: March 12, 2025         THE LAW OFFICES OF JOHN BURTON
                              THE LAW OFFICES OF DALE K. GALIPO
                              LAW OFFICE OF JOHN FATTAHI


                              By         /s/ John Fattahi
                                 John Fattahi
                                 Attorneys for Plaintiff