John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300

Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

John Fattahi, State Bar No. 247625
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Boulevard, Suite 500
Torrance, California 90503
Tel: (424) 999-5579

*Attorneys for Plaintiff Shawn R. Porio*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>YVETTE BARBARI, RN,<br><br>Defendant. | Case No. 8:22-CV-00812 RGK (ADSx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO RETAX COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN FATTAHI**<br><br>Date: May 5, 2025<br><br>Time: 9:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on May 5, 2025, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 850 (Roybal) of the above-entitled Court, Plaintiff Shawn R. Porio will and hereby does move the Court by way of this Motion to Retax Costs to retax costs of no more than $1,275.80. Plaintiff makes this Motion under Local Rules 54-2.5 and 54-3 on the grounds that the Clerk taxed costs that are not recoverable under Local Rule 54-3.

**Statement of L.R. 7-3 Compliance**: This motion is made following conferences of counsel pursuant to L.R. 7-3 on February 19, 2025. Defendant Barbari indicated in previous filings that she withdrew Item 10(a) ("Mandatory Chambers Copies"), Dkt. 311 at 12:11-15, but Defendant opposed any additional reduction.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED:  April 3, 2025         THE LAW OFFICES OF JOHN BURTON
                              THE LAW OFFICES OF DALE K. GALIPO
                              LAW OFFICE OF JOHN FATTAHI


                              By          /s/ John Fattahi
                                 John Fattahi, Esq.
                                 *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

On April 1, 2025, the Clerk of Court issued an Order Taxing Costs in favor of Defendant and against Plaintiff in the amount of $19,848.78. The clerk reduced Item 10(g), for Reproducing Material for Use in Case, by $4,731.00, but otherwise taxed the entirety of costs sought by Defendant, over Plaintiff's timely objections, including costs that Defendant had already withdrawn. The Court should re-tax costs in the amount of no more than $1,275.80. The additional costs assessed by the Clerk are not taxable under any statute or rule.

## II. Legal Standard

Under Rule 54-2.5, the Court conducts a *de novo* review of the clerk's costs determination. *Forouzan v. BMW of N. America, LLC*, 390 F. Supp. 3d 1184, 1186 (C.D. Cal. 2019). "The review is limited to the record before the Clerk and encompasses only those items specifically identified in the motion." *Id.*; L.R. 54-2.5. The Supreme Court has emphasized that Rule 54(d) does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

The Court also has discretion to refuse to award costs. *Id.* (quoting *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)); *Stanley v. Univ. of So. Calif.*, 178 F.3d 1069 (9th Cir. 1999); *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016); *Rivera v. Nibco*, 701 F. Supp. 2d 1135, 1139-45 (E.D. Cal. 2010) (denying costs under indistinguishable circumstances).[1]

## III. Item 2 should be reduced from $3,758.91 to $110.00.

Under Item 2, the Clerk taxed against Plaintiff the entire $3,758.91 sought by Defendant for "Service of Process," which falls outside the Local Rules and was not

---

[1] The Court previously declined to exercise its discretion to enter judgment without awarding Defendants costs against Plaintiff. Dkt. 297 (Objection); Dkt. 298 (Order).

1  necessarily incurred by Defendant. Dkt. 322 at 2. Invoices for Federal Express delivery
2  to various individuals, totaling $369.05, Dkt. 300-1 at 3-11, do not fall within the scope
3  of L.R. 54-3.2. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339
4  (M.D. Fla. 2002) ("express mail" not compensable). Defendant provided no
5  documentation that she served any of these individuals with process under Rule 4, or
6  with subpoenas under Rule 45.

7  Except for $110.00 in taxable service costs, the Array document subpoena
8  invoices totaling $3,389.86 do not fall within the scope of L.R. 54-3.2. *See* Dkt. 300-1 at
9  12-23. OC Global and Care Ambulance have nothing whatsoever to do with this case;
10 thus, that $659 was not necessarily incurred. *Id.* at 12-15; Fattahi Decl. ¶ 3. The only
11 compensable fee for service on St. Joseph's Hospital and MemorialCare Long Beach
12 Medical Center is $55 each, for a total of $110. Dkt. 300-1 at 16, 19; *Valley v. Ocean Sky*
13 *Limo*, 82 F. Supp. 3d 1321, 1331 (S.D. Fla. 2015) (reducing costs for service of process
14 to $45 per subpoena served). The additional fees on the invoices, such as costs of
15 copies for the convenience of counsel, do not fall within the Local Rule. Fees for
16 service of additional subpoenas on St. Joseph's and MemorialCare for billing and
17 radiology records (which also include improper additional fees) were not necessary or
18 taxable, as a single subpoena could have requested all of those records. Dkt. 300-1 at
19 17-18, 20-22. Another duplicative subpoena on MemorialCare that apparently was not
20 even served is not reasonable. *Id.* at 23.

21 Costs for service of Defendant's deposition subpoena on Dr. Woo, along with
22 other improper fees, were not necessarily incurred, because the discovery cut-off had
23 already passed and there was no reason for rush service. Dkt. 300-1 at 24; Fattahi Decl.
24 ¶ 4. The deposition also did not occur. Fattahi Decl. ¶ 4. Indeed, Defendant's failure to
25 properly disclose Dr. Woo as a retained expert led the Court to grant Plaintiff's motion
26 in limine to exclude Dr. Woo from testifying as an expert witness at trial, and
27 Defendant did not even list him to prospective jurors as a potential witness. Fattahi
28

Decl. ¶ 4. Costs for service of Defendant's trial subpoena on Dr. Woo, along with other improper fees, should be disallowed for the same reasons. Dkt. 300-1 at 26.

Fees for rush service, prep, fee advancement, and a "custodian fee" for service on Ireneo Flores, ostensibly for a trial subpoena, were not necessarily incurred. Plaintiff, not Defendant, called Officer Flores as a witness and arranged for his appearance at trial, including service of his trial subpoena. Fattahi Decl. ¶ 5. Even if some reimbursement was appropriate, the maximum recoverable amount would be $55 for normal service. Dkt. 300-1 at 25. *Valley*, 82 F. Supp. 3d at 1331.

### IV. Item 5 should be reduced from $7,461.65 to $1,165.80.

Under Item 5, the Clerk taxed against Plaintiff the entire $7,461.65 sought by Defendant for "Depositions." Dkt. 322 at 2. These costs should be either reduced to JCUS maximum rates or disallowed for failure to comply with L.R. 54-3.5, which provides:

> The reasonable cost of preparing the original transcription of the oral portion of a deposition for ordinary, non-expedited delivery after the deposition is taxable if the transcript is used for any purpose in connection with the case. Any additional charges paid to expedite the preparation of the transcription, and any charges for "real time" views of the transcription during the deposition, are not taxable unless the judge so orders or counsel stipulate in writing before the costs are incurred. The reasonable cost of one additional copy of the transcript, in any form (including a rough draft), is taxable. The reasonable cost of one copy of the transcript is also taxable when purchased by a party that did not purchase the original. The transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must be provided.

L.R. 54-3.5.

1  The maximum per-page transcript rate set by JCUS is $4.40 for an original and
2  $0.75 for the first copy, and $1.10 for a party who is only ordering a copy.
3  See https://www.uscourts.gov/court-programs/federal-court-reporting-
4  program#rates. Defendant's Application did not seek reimbursement at these rates,
5  explain why higher rates were reasonable under the circumstances, or show that the
6  rates paid were market rates for Zoom depositions.

7  Local Rule 54-3.5 also provides: "Failure to provide itemized invoices breaking
8  out the per-page cost of transcripts from other costs, such as expediting, binding, or
9  shipping fees, will be sufficient grounds for not taxing the cost." Several of Defendant's
10 invoices did not disclose either the number of pages or the per-page rates. Dkt. 300-2
11 at 7-10. Defendant's invoices also included costs that are not taxable, such as "rough
12 draft" (*in addition to*, not instead of, the one allowable copy under L.R. 54-3.5(a)) and
13 "processing/scheduling." Dkt. 300-2 at 8-10.

14 For the transcript invoices that revealed the number of pages, reimbursement at
15 the maximum JCUS rate is limited to $444.40 (74+143+94+46+47 pages at $1.10 per
16 page), plus recoverable electronic transcript and handling charges of $390, plus exhibits
17 charges of $331.40, for a total of $1,165.80.

18 **V.    Item 10(a) was withdrawn and should be disallowed in full.**

19 Under Item 10(a), the Clerk taxed $545.06 against Plaintiff for "Mandatory
20 Chambers Copies," even though Defendant's Reply had withdrawn her request for
21 these costs. Dkt. 311 at 12:11-15. As Plaintiff had pointed out, this Court's Standing
22 Order provided that "Chambers copies are not required . . . ." Dkt. 67 at 7.

23 **VI.   Item 10(g) should be disallowed in full.**

24 Under Item 10(g) the Clerk taxed $8,083.16 out of $12,814.16 sought by
25 Defendant for "cost of physically replicating or reproducing material necessarily
26 obtained for use in the case." Dkt. 322 at 3. Neither Defendant nor the Clerk explained
27 how they arrived at these clearly excessive figures—for example, which documents,
28 how many pages, how many copies of each document, and what rate per page.

However, none of these costs are taxable against Plaintiff under the Local Rules. L.R. 54-3.10(g) provides:

> The cost of physically replicating or reproducing material necessarily obtained for use in the case (including copies obtained to be produced in discovery) in any format in which such material is required to be produced and with any required characteristics (such as metadata or manipulability) intact. To claim costs incurred in producing material in a required format, the agreement or order imposing the relevant requirements must be attached. Any party seeking taxation of costs under this local rule must provide a consolidated itemization of copying costs, setting forth with specificity, particularity, and clarity the distinct tasks and services performed. Only costs associated with copying documents or reproducing other material for actual use in the case are allowed. Costs incurred for the convenience of counsel or as prefatory steps in the discovery process before copying documents for actual production are not recoverable.

L.R. 54-3.10(g).

Copying charges paid to copying services for documents produced in response to third-party document subpoenas, Dkt. 300-4 at 2-9, should be disallowed, as these were "prefatory steps in the discovery process," as opposed to "copying documents for actual production." L.R. 54-3.10(g). None of these documents were produced by Defendant to other parties or introduced into evidence at trial. Fattahi Decl. ¶ 6.

Costs of videotaped depositions, totaling $1,212.50, Dkt. 300-4 at 10-13, are not recoverable, and are expressly precluded by L.R. 54-3.5(a).

The costs of printing Defendant's and Plaintiff's trial exhibits, including flash drives and pickup/delivery, Dkt. 300-4 at 14-15, were for the convenience of counsel, and as such are not recoverable. As a courtesy, Plaintiff provided Defendant with electronic and hard-copy binders of Plaintiff's trial exhibits. Fattahi Decl. ¶ 7. Defendant presented her trial exhibits electronically. *Id.* To the extent the Court

required Defendant to provide one physical copy of her exhibits, the invoices submitted fails to separately list any such recoverable costs as opposed to nonrecoverable costs such as copies of Plaintiff's exhibits, and thus should be disallowed in full. *See Scelta*, 203 F. Supp. 2d at 1340-41 ("Therefore, since the defendants have not described the photocopying costs sufficiently to permit a determination of which photocopies were necessarily obtained for use in this case, reimbursement for photocopying costs is rejected in its entirety."); *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) ("As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary.").

The costs of binders and binder preparation, Dkt. 300-4 at 14, 17-21, are not taxable.

Labor costs, including for Defendant's litigation support contractor at hourly rates up to $225, Dkt. 300-4 at 17-21, are not taxable: "[N]either § 1920 nor Local Rule 54-3 provides that such costs are taxable, and Defendant is therefore not entitled to reimbursement for these costs." *Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1050 (C.D. Cal. 2014), citing *Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, 2007 WL 832935, at *3 (N.D. Cal. Mar. 19, 2007) (fees for video technician not taxable).

**VII.   Defendant's untimely submissions should be disregarded.**

The Court should only consider supporting materials that were included with Defendant's original Application, Dkt. 300. Under Local Rule 54-2.1, Defendant was required to file a complete, detailed costs application "[w]ithin 14 days after the entry of judgment." L.R. 54-2.1. Judgment was entered on January 29, Dkt. 299, but Defendant did not file her Reply and Amended Application until March 5, Dkt. 311, 312. With those latter two documents, Defendant attempted to introduce new costs and new documentation to shore up deficiencies in her initial Application. However, "[s]ufficient documentation to support the amount and taxability of each item, such as an invoice, receipt, or other record of the expenditure, must be attached to the Form

CV-59 *when filed.*" L.R. 54-2.1 (emphasis added). Further, "[f]ailure to include an item in a *timely filed* Application to the Clerk to Tax Costs *or to attach sufficient documentation* to support an item will constitute grounds for not taxing that item." *Id.* (emphasis added).

## Conclusion

For the foregoing reasons, the Court should retax costs of no more than $1,275.80, and disallow the remainder of Defendant's request for failure to provide sufficient support, as outside the scope of the Local Rule, and for failing to provide sufficient breakdown between taxable and non-taxable costs.

Respectfully submitted,

DATED: April 3, 2025          THE LAW OFFICE OF JOHN BURTON
                              THE LAW OFFICE OF DALE K. GALIPO
                              LAW OFFICE OF JOHN FATTAHI


                              By          /s/ John Fattahi
                                  John Fattahi, Esq.
                                  *Attorneys for Plaintiff*

**Word Count Certification**

The undersigned, counsel of record for Plaintiff, certifies that this brief, including headings, footnotes, and quotations, but excluding the caption, the table of contents, the table of authorities, the signature block and this certification, contains 2,078 words, which complies with the 5,600-word limit set by the Court's Standing Order.

DATED: April 3, 2025

THE LAW OFFICE OF JOHN BURTON
THE LAW OFFICE OF DALE K. GALIPO
LAW OFFICE OF JOHN FATTAHI

By　　　　　/s/ John Fattahi
　　John Fattahi, Esq.
　　*Attorneys for Plaintiff*

# DECLARATION OF JOHN FATTAHI

I, John Fattahi, declare as follows:

1. I am an attorney of record for Plaintiff Shawn R. Porio. I have personal knowledge of the facts contained in this declaration and if called to testify I could and would competently testify thereto.

2. The Clerk's Bill of Costs, taxing costs of $19,848.78 against Plaintiff, should be reduced to no more than $1,275.80. The remaining $18,572.98 is not taxable against Plaintiff under L.R. 54-2.

3. OC Global and Care Ambulance had no involvement in this case.

4. Defendant's deposition subpoena on Dr. Woo occurred after the discovery cut-off. The deposition did not occur. Indeed, Defendant's failure to properly disclose Dr. Woo as a retained expert led the Court to grant Plaintiff's motion in limine to exclude Dr. Woo from testifying as an expert witness at trial, and Defendant did not even list him to prospective jurors as a potential witness.

5. Plaintiff, not Defendant, called Officer Flores as a witness and arranged for his appearance at trial, including service of his trial subpoena.

6. Copying charges paid to copying services for documents produced in response to third-party document subpoenas (*see* Dkt. 300-4 at 2-9) were prefatory steps in the discovery process, as opposed to copying documents for actual production. None of these documents were produced by Defendant to other parties or introduced into evidence at trial.

7. The costs of printing Defendant's and Plaintiff's trial exhibits, including flash drives and pickup/delivery, were for the convenience of counsel. As a courtesy, Plaintiff provided Defendant with electronic and hard-copy binders of Plaintiff's trial exhibits. Defendant presented her trial exhibits electronically.

/ / /

/ / /

8. Pursuant to L.R. 54-2.2, after emailing the substance of these objections to all defense counsel, I met and conferred telephonically with Defendant's counsel Craig Smith on February 19, 2025, in an effort to resolve disagreement about the taxable costs claimed in the bill, but no agreements could be reached.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on April 3, 2025, at Torrance, California.

/s/ John Fattahi