John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300

Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

John Fattahi, State Bar No. 247625
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Boulevard, Suite 500
Torrance, California 90503
Tel: (424) 999-5579

*Attorneys for Plaintiff Shawn R. Porio*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SHAWN R. PORIO, et al., | Case No. 8:22-CV-00812 RGK (ADSx) |
|---|---|
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAX COSTS** |
| vs. | |
| YVETTE BARBARI, RN, | Date: May 5, 2025 |
| Defendant. | Time: 9:00 a.m. |

## REPLY MEMORANDUM

### I. Defendant had the burden of adequately supporting the specific costs requested in her original application.

Defendant's "preliminary statement" contends that the burden is on Plaintiff to show why costs should not be awarded, and that the Court must specify reasons for denying costs. Opp'n, Dkt. 326, at 5. That may be so when the issue is whether to deny costs altogether, as it was Defendant's cited cases, but here, the Court has already rejected Plaintiff's request for that discretionary relief. Order, Dkt. 298. The issue on this motion is a different one—whether the itemized costs claimed by Defendant are taxable under 28 U.S.C. § 1920 and Local Rule 54. On that score, Defendant plainly had the burden of submitting sufficient documentation to support the requests in connection with her original application.[1] *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *3 (N.D. Cal. Apr. 5, 2013). "Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (citation omitted).

A court may not award costs to the prevailing party unless it first determines "that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990). "Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

"The court must first determine whether the claimed costs were 'necessarily incurred in the litigation.'" *Jane L. v. Bangerter*, 828 F. Supp. 1544, 1557 (D. Utah

---

[1] Defendant did not file a L.R. 54-2.5 motion to retax challenging the Clerk's decision to not tax trial transcript costs against Plaintiff. To the extent that Defendant's opposition attempts to raise this issue, Dkt. 326 at 16-18, it is untimely and violates L.R. 54-2.5. Even if the issue was properly before the Court, it is clear that the Clerk properly rejected Defendant's request for two independent reasons: (1) it was an untimely attempt to amend the application to seek new relief several weeks after the deadline, and (2) no order or stipulation made these costs taxable. L.R. 54-2.1; L.R. 54-3.4.

1993). "Necessarily obtained" does not mean that the materials and services obtained "added to the convenience of counsel . . . and perhaps . . . have made the task of the trial judges easier." *Farmer*, 379 U.S. at 234. "The most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *US Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988).

If the Court finds the costs were necessarily incurred, then it must decide whether the amount is reasonable. *United States v. Blodgett*, 709 F.2d 608, 610, 611 (9th Cir. 1983); *Jane L*, 828 F. Supp. at 1557. The Supreme Court has "underscored 'the narrow scope of taxable costs' and reminded us that '[t]axable costs are limited to relatively minor, incidental expenses as is evident from § 1920.'" *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 926 (9th Cir. 2015) (quoting *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012)).

**II.     Item 2 should be reduced from $3,758.91 to $110.00.**

The Court should retax Item 2 in the amount of $110. Defendant claims the Clerk correctly taxed $3,758.91 against Plaintiff for service of process, citing a Ninth Circuit case for the noncontroversial proposition that costs necessarily and reasonably paid to private process servers—as opposed to the Marshal—are potentially taxable. Plaintiff already conceded that the Court has discretion to tax $110 under that same principle. Defendant attempts to justify the remaining expenses paid to Array, totaling $3,389.86, under the plainly inapplicable decision in *Gorelangton v. City of Reno*, 638 F. Supp. 1426 (D. Nev. 1986). Although Defendant provided no pinpoint citations, the portions of *Gorelangton* on which Defendant relies decided the issue of non-taxable expenses recoverable under 42 U.S.C. § 1988, not the taxation of costs under § 1920 and this Court's Local Rule 54. *Id.* at 1433-37. The inapposite test applied in *Gorelangton* was whether an expense was "the kind of expense ordinarily passed on to a fee-paying client." *Id.* at 1434. The standard here is different. As Plaintiff's motion explained, "postage, including regular mail, UPS and express delivery, is not included in § 1920 and is therefore not recoverable as a cost." *Embotelladora Agral Regiomontana, S.A. de*

*C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415 (N.D. Tex. 1997); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002) ("express mail" not compensable).

Only the "service of process" charges for two subpoenas, totaling $110, are potentially taxable. Defendant makes no attempt to distinguish *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1331 (S.D. Fla. 2015), which properly limited costs for each process service to $45.

As for Dr. Woo, Defendant implicitly concedes that the claimed expenses for his deposition subpoena (totaling $206.50) are not taxable because the subpoena was served after the discovery-cutoff and Dr. Woo was not deposed. *See* Dkt. 300-1 at 24. Defendant contends, however, that the $252.22 invoice for Dr. Woo's trial subpoena is taxable because Defendant thought his unspecified percipient witness testimony might be needed to rebut unspecified testimony by Plaintiff or his brother-in-law, and Defendant made a tactical decision not to call him. But Dr. Woo never treated Plaintiff—his only involvement in this case was as an expert retained by other counsel to perform a defense examination challenging Plaintiff's current neuropsychological condition. The Court excluded his expert testimony because Defendant refused several invitations to properly disclose him. The lack of any reasonable necessity for subpoenaing Dr. Woo is reflected by Defendant's decision to not even mention Dr. Woo to the second jury venire as a potential witness. Even if the trial subpoena was potentially taxable, it would be limited to $55 for ordinary service of process. The Court has no discretion to tax the remaining expenses for rush subpoena prep, same day rush service, custodian fee, and fee advancement.

Defendant argues that the $425 invoice for service of Officer Flores's trial subpoena is taxable because she could not rely on Plaintiff calling him. *See* Dkt. 300-1 at 25. It is undisputed that Plaintiff independently arranged for Officer Flores to be served with a trial subpoena and, through motions practice, had emphatically argued that Officer Flores's testimony and video recordings were the most compelling

*C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415 (N.D. Tex. 1997); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002) ("express mail" not compensable).

Only the "service of process" charges for two subpoenas, totaling $110, are potentially taxable. Defendant makes no attempt to distinguish *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1331 (S.D. Fla. 2015), which properly limited costs for each process service to $45.

As for Dr. Woo, Defendant implicitly concedes that the claimed expenses for his deposition subpoena (totaling $206.50) are not taxable because the subpoena was served after the discovery-cutoff and Dr. Woo was not deposed. *See* Dkt. 300-1 at 24. Defendant contends, however, that the $252.22 invoice for Dr. Woo's trial subpoena is taxable because Defendant thought his unspecified percipient witness testimony might be needed to rebut unspecified testimony by Plaintiff or his brother-in-law, and Defendant made a tactical decision not to call him. But Dr. Woo never treated Plaintiff—his only involvement in this case was as an expert retained by other counsel to perform a defense examination challenging Plaintiff's current neuropsychological condition. The Court excluded his expert testimony because Defendant refused several invitations to properly disclose him. The lack of any reasonable necessity for subpoenaing Dr. Woo is reflected by Defendant's decision to not even mention Dr. Woo to the second jury venire as a potential witness. Even if the trial subpoena was potentially taxable, it would be limited to $55 for ordinary service of process. The Court has no discretion to tax the remaining expenses for rush subpoena prep, same day rush service, custodian fee, and fee advancement.

Defendant argues that the $425 invoice for service of Officer Flores's trial subpoena is taxable because she could not rely on Plaintiff calling him. *See* Dkt. 300-1 at 25. It is undisputed that Plaintiff independently arranged for Officer Flores to be served with a trial subpoena and, through motions practice, had emphatically argued that Officer Flores's testimony and video recordings were the most compelling

evidence in support of Plaintiff's case, making Defendant's subpoena expense unnecessary and unreasonable. Even assuming *arguendo* that service was necessary and reasonable, the maximum taxable amount would be $55 for ordinary service, not the additional $370 in nontaxable fees including rush subpoena prep, rush service, fee advancement, and a $275 "custodian fee."

Defendant does not respond to Plaintiff's contention that the remaining Array expenses were unnecessary and unreasonable—such as subpoenas to third parties that had no involvement in this case, duplicative subpoenas, charges for "subpoena prep," charges for scanning and copying records for the convenience of Defendant's counsel at 22 cents per page, "rush" charges, fee advancement charges, "electronic document delivery" charges, charges for notice to opposition counsel, "deposition officer" fees (for document subpoenas), and unspecified custodian fees. Mot., Dkt. 323, at 3-4.

Defendant also does not attempt to justify Federal Express costs associated with overnight mailings to various County employees. Dkt. 300-1 at 3-7.

**III.  Item 5 should be reduced from $7,461.65 to $1,165.80.**

The Clerk also improperly taxed all of Defendant's requested deposition expenses, even though Defendant's application did not adequately explain why higher-than-JCUS per-page rates were reasonable. Under L.R. 54-3.5, Defendant had the burden of explaining in her application "why higher rates [than JCUS] were reasonable under the circumstances."

Defendant did not submit any such explanation or even any documentation of the number of pages of each deposition at the time of her application to tax costs, warranting denial under L.R. 54-2.1. Defendant still has not provided the per-page rates for each deposition. Some of them appear to exceed JCUS rates by a factor of five or more. And Defendant's untimely submissions do not establish that the invoices represent market rates for these remote Zoom depositions.

Under L.R. 54-2.1, Defendant's application only provided the requisite support for taxing $1,165.80 in deposition costs.

### IV. The parties agree that Item 10(a) should be disallowed in full.

As Defendant concedes, the Clerk incorrectly taxed $545.06 against Plaintiff under Item 10(a) even though Defendant had properly withdrawn her request for these costs. Dkt. 326 at 11:18-21.

### V. Item 10(g) should be disallowed in full.

Instead of directly addressing Plaintiff's argument that the plain language of Local Rule 54-3.10(g) does not support the $8,083.16 taxed against Plaintiff under Item 10(g), Defendant points to inapposite cases from other districts that applied broader costs provisions and where the parties had requested production of electronic documents in specific formats. S*ee, e.g., eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736 (N.D. Cal. Apr. 5, 2013) (determining taxable e-discovery costs, where parties had agreed to native-format production and division of costs, for "exemplification and the costs of making copies (and not for the parties' convenience or attributable to 'intellectual effort' involved in document production"). Defendant incorrectly asserts that taxable costs here "necessarily include costs related to collecting the documents, reviewing the documents, and determining which are relevant." Opp'n, Dkt. 311, at 13:13-14. Defendant's reliance on *Parrish v. Manatt, Phelps & Phillips, LLP*, C 10–03200 WHA, 2011 WL 1362112, at *2 (N.D. Cal. Apr. 11, 2011), is also misplaced, because subsequent decisions including *In re Ricoh* clearly established that, among other requirements, the party seeking costs must demonstrate that the documents were "copied at the prevailing party's expense and at the request of the opposing party; and that the copies were tendered to the opposing party." *In re Ricoh*, 661 F.3d at 1368.

In this District, Local Rule 54-3.10(g) only permits taxation of "[t]he cost of *physically replicating or reproducing* material *necessarily* obtained *for use* in the case (including copies obtained to be produced in discovery) in any format in which such material is *required to be produced* and with any required characteristics (such as metadata or manipulability) intact." L.R. 54-3.10(g) (emphasis added). The Ninth Circuit has also

emphasized that "[a] narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be extremely limited." *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d at 930.

The fees paid to copying services for documents produced *to Defendant by third parties* in response to document subpoenas, Dkt. 300-4 at 2-9, should be disallowed. Defendant does not dispute that she did not produce any of these documents to other parties or introduced them into evidence at trial. Fattahi Decl. ¶ 6. Thus, these were "prefatory steps in the discovery process," as opposed to "copying documents for actual production," and thus are not taxable to Plaintiff. L.R. 54-3.10(g).

Defendant does not dispute that in this Court—as opposed to the other courts whose decisions they cite—videotaped deposition expenses are "not taxable." *See* L.R. 54-3.5(a).

As for trial exhibits, Defendant does not dispute that she failed to provide the required itemization of how much of the claimed costs are attributable to the single copy of voluminous exhibits required by the Court, as opposed to the many other copies and exhibits (including unnecessary duplicates of Plaintiff's exhibits) printed solely for the convenience of counsel. To the extent that any of the costs may have been taxable if properly documented and explained, "when the Court is unable to determine whether the copies in question were reasonably necessary for use in the case, the claim for such costs should be denied." *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 763 (N.D. Ill. 1996). "In addition, courts have denied claims for costs where the per page cost and number of copies is inadequately identified." *Id.* Moreover, Plaintiff should not be taxed for unnecessary and unreasonable copying charges merely because Defendant over-designated nearly every page of every discovery document in this case as trial exhibits 100-262, instead of making a good faith effort to designate only those documents that she might use as trial exhibits. *See* Am. Joint Exhibit List, Dkt. 279, at 30-64.

## Conclusion

For the foregoing reasons, the Court should retax costs of no more than $1,275.80.

Respectfully submitted,

DATED: April 21, 2025

THE LAW OFFICE OF JOHN BURTON
THE LAW OFFICE OF DALE K. GALIPO
LAW OFFICE OF JOHN FATTAHI

By _____/s/ John Fattahi_____
John Fattahi, Esq.
*Attorneys for Plaintiff*

## Word Count Certification

The undersigned, counsel of record for Plaintiff, certifies that this brief, including headings, footnotes, and quotations, but excluding the caption, the table of contents, the table of authorities, the signature block and this certification, contains 2,095 words and 7 pages, which complies with the 5,600-word limit and 10-page limit set by the Court's Standing Order.

DATED: April 21, 2025

THE LAW OFFICE OF JOHN BURTON
THE LAW OFFICE OF DALE K. GALIPO
LAW OFFICE OF JOHN FATTAHI

By _____/s/ John Fattahi_____
John Fattahi, Esq.
*Attorneys for Plaintiff*