UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Retax Costs [DE 323]

## I.  INTRODUCTION AND BACKGROUND

On August 5, 2022, Shawn R. Porio ("Plaintiff") filed the operative First Amended Complaint against the City of Tustin, Orange County Fire Authority, County of Orange, several Tustin Police Department officers, several Orange County Fire Authority firefighters, and two County nurses, asserting civil rights claims under 42 U.S.C. § 1983. (ECF No. 37.) Plaintiff alleged that he experienced a stroke that caused him to get in a car accident, but the defendants hastily concluded that he was simply intoxicated and left him to spend more than 24 hours in custody, depriving him of desperately needed medical treatment. Following multiple dismissals, a settlement, and summary judgment, only one defendant remained: Nurse Yvette Barbari ("Defendant"), a County nurse who conducted an intake screening upon Plaintiff's arrival at the County jail.

On December 10, 2024, the case proceeded to trial. (ECF No. 219.) After the parties rested, however, on December 13, 2024, the jury reported that it was hung four to four, so the Court declared a mistrial. (ECF No. 224.) On January 21, 2025, the case was tried a second time. (ECF No. 285.) This time, on January 24, 2025, the jury returned a verdict for Defendant, finding that she had not violated Plaintiff's Fourteenth Amendment rights by failing to provide him with needed medical care. (ECF No. 291.) On January 29, 2025, the Court issued a final judgment, entering judgment in Defendant's favor and awarding her reasonable costs. (ECF No. 299.)

On February 12, 2025, Defendant filed an Application to Tax Costs, seeking $24,579.78. (ECF No. 300.) On March 5, 2025, Defendant filed an Amended Application to Tax Costs, this time seeking $30,729.72. (ECF No. 312.) On April 1, 2025, the Clerk of Court taxed costs in the amount of $19,848.78, based on his review of Defendant's original Application, not her Amended Application. (ECF No. 322.)

Presently before the Court is Plaintiff's Motion to Re-Tax Costs. (ECF No. 323.) For the following reasons, the Court **GRANTS** the Motion **in part**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

### II.  JUDICIAL STANDARD

Under the Central District of California's Local Rules, a party "seek[ing] review of the Clerk's taxation of costs" may file a motion to retax costs within seven days of the Clerk's decision. A court's review is "limited to the record before the Clerk and encompasses only those items specifically identified in the motion." C.D. Cal. L.R. 54-2.5.

### III.  DISCUSSION

The Clerk of Court taxed costs in the amount of $19,848.78 in favor of Defendant. Plaintiff argues that this amount is unsupported, as numerous items should be reduced or outright disallowed. Specifically, Plaintiff challenges: (1) service costs; (2) deposition costs; (3) document copy costs; and (4) document replication costs.

Before turning to the disputed items, the Court first notes that Defendant filed both an original Application to Tax Costs, and an untimely Amended Application filed more than fourteen days after the Court entered judgment. *See* C.D. Cal. L.R. 54-2.1. The Clerk of Court considered only the original Application; he did not consider the Amended Application. Nonetheless, Defendant asks the Court to consider the Amended Application in ruling on this Motion. Defendant does not offer any convincing grounds for the Court to consider the Amended Application, however, as the simple fact remains that it was untimely filed. Thus, the Court **STRIKES** the Amended Application and declines to consider it.

Having resolved this matter, the Court addresses each disputed item in turn.

#### A.  Fees for Service

Local Rule 54-3.2 allows for the recovery of reasonable fees for service of process and subpoenas under Federal Rules of Civil Procedure ("Rules") 4 and 45. C.D. Cal. L.R. 54-3.2. These include reasonable fees for "research, surveillance, wait time, and parking incurred in connection with service." *Id.*

In her Application, Defendant claimed $3,758.91 in fees for service, as follows:

| Reason | Amount Claimed |
|---|---|
| FedEx deliveries | $ 392.94 |
| Subpoenas to OC Global | $ 493.50 |
| Subpoena to Care Ambulance | $ 165.60 |
| Subpoenas to St. Joseph's Hospital | $1,182.80 |
| Subpoenas to MemorialCare Long Beach | $ 640.35 |
| Subpoenas to Dr. Andrew H. Woo | $ 458.72 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

| Subpoena to Irineo Flores | $ 425.00 |
|---|---|
| | |
| Total: | $3,758.91 |

The Clerk of Court allowed these amounts in their entirety. Plaintiff argues that these amounts should be significantly reduced because none of these expenses were necessary except for the subpoenas to St. Joseph's Hospital and MemorialCare Long Beach, but those too must be further reduced. The Court addresses each amount in turn.

   1. *FedEx Deliveries*

Defendant claimed $392.94 in FedEx deliveries to various people. Plaintiff argues that this amount[1] is improper because Defendant does not provide any documentation that these deliveries were in connection with service under Rules 4 or 45. The Court agrees. No such documentation was provided to the Clerk of Court. Nor does Defendant address these amounts in her briefing. Thus, the Court declines to tax this amount.

   2. *OC Global and Care Ambulance Subpoenas*

Defendant claimed $659.10 for service of subpoenas on OC Global and Care Ambulance. Plaintiff argues that this amount is improper because these entities had no involvement with the case, making their subpoenas unnecessary and unreasonable. The Court agrees. There is no indication of who these entities are and why they were subpoenaed. Absent that information, the Court cannot conclude that the associated fees were reasonable. *See Weihaupt v. Am. Med. Ass'n*, 874 F.2d 419, 430 (7th Cir. 1989) ("In order for the district court to award costs to the prevailing party, the court must determine that . . . the costs are reasonable, both in the amount and necessity to the litigation."). Thus, the Court declines to tax these amounts.

   3. *St. Joseph's Hospital and MemorialCare Long Beach Subpoenas*

Defendant claimed $1,823.15 for service of subpoenas on St. Joseph's Hospital and MemorialCare Long Beach. Plaintiff concedes that these subpoenas were necessary and reasonable. However, Plaintiff argues that the amount itself was unreasonable and excessive. The Court agrees. There are two issues with Defendant's subpoenas. First, Defendant sent multiple subpoenas to these entities when it could have sent one subpoena each. It would be unreasonable to award costs for Defendant's inefficiency. Second, Defendant paid for numerous extra expenses like rush fees and convenience copies. These services are not taxable under Local Rule 54-3.2, as they are not standard to a

---

[1] Though Plaintiff challenges all of the FedEx deliveries, he states that they add up to $369.05 in his Motion. This appears to be a mistake based on one of the FedEx invoices noting a $369.05 subtotal, which Defendant does not claim. (Def.'s Appl. to Tax Costs, Ex. A at 5, ECF No. 300-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

subpoena, and they do not fall under the specified categories of costs for "research, surveillance, wait time, and parking." C.D. Cal. L.R. 54-3.2. For these reasons, the costs associated with these subpoenas must be greatly reduced. Upon review of the invoices, the Court finds that costs of $55 each, or $110 in total, may be taxed.

    4.    *Dr. Woo Subpoena*

Defendant claimed $458.72 for service of subpoenas to Dr. Woo, a medical expert retained by another defendant that settled well before trial. Plaintiff argues that this amount is improper because Defendant's subpoena was untimely issued after the close of discovery, and he was never properly disclosed, leading him to be excluded from trial pursuant to a motion in limine. The Court agrees. Given the untimeliness of his subpoena and his inability to testify, any award of costs for the subpoena is plainly unreasonable. Thus, the Court declines to tax this amount.

    5.    *Flores Subpoena*

Defendant claimed $425.00 for service of a subpoena to Flores, a witness originally called upon by Plaintiff, that Plaintiff had already subpoenaed and arranged to appear at trial. Plaintiff argues that because Plaintiff had already subpoenaed Flores, it was unreasonable for Defendant to subpoena him as well. The Court disagrees. There is no indication that Defendant was aware that he had already been subpoenaed. And given that Defendant also relied on Flores for her own defense at trial, it was reasonable for her to subpoena him. However, much like with the subpoenas of St. Joseph's Hospital and MemorialCare Long Beach, it does not appear that the full $425.00 amount is reasonable, and must be similarly reduced. Upon review of the invoice, the Court finds that $55 may be taxed.

Accordingly, the Court finds that Defendant is entitled to only $165 for service fees, as shown below:

| Reason | Amount Claimed |
|---|---|
| Subpoenas to St. Joseph's Hospital | $ 55.00 |
| Subpoenas to MemorialCare Long Beach | $ 55.00 |
| Subpoena to Irineo Flores | $ 55.00 |
| | |
| Total: | $165.00 |

    **B.**    **Depositions**

Local Rule 54-3.5 allows for the recovery of costs incurred for preparing transcripts, hiring stenographic reporters, and reproducing exhibits for oral depositions. C.D. Cal. L.R. 54-3.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

A party may recover the reasonable costs of preparing an original transcript, as well as one additional copy "in any form (including a rough draft)" of the transcript. *Id.* 54-3.5(a). The Judicial Conference of the United States sets forth per-page rates for transcripts that are generally considered reasonable. *Id.* As of October 1, 2024, the Judicial Conference sets forth rates of $4.40 per page for an original transcript, $1.10 for a first copy instead of an original, and $0.75 for an additional copy. Federal Court Reporting Program, https://www.uscourts.gov/court-programs/federal-court-reporting-program (last accessed April 24, 2025). For higher rates, the party seeking costs must explain why the higher rates were reasonable under the circumstances. C.D. Cal. L.R. 54-3.5(a) If the party seeking costs fails to provide itemized invoices breaking out the per-page cost of transcripts from other costs, costs may be denied for those transcripts in their entirety. *Id.*

In her Application, Defendant claimed $7,461.65 for deposition costs as follows:

| Reason | | Amount Claimed |
|---|---|---|
| Irineo Flores Deposition | | $ 343.50 |
| 74-page copy | $259.00 | |
| Exhibits | $9.50 | |
| Merger | $25.00 | |
| Handling | $50.00 | |
| Brent Pardoen & David Phelan Depositions | | $ 605.50 |
| 143-page copy | $500.50 | |
| Exhibits | $30.00 | |
| Merger | $25.00 | |
| Handling | $50.00 | |
| Nurse Yvette Barbari Deposition | | $ 439.50 |
| 94-page copy | $329.00 | |
| Exhibits | $30.50 | |
| Merger | $25.00 | |
| Handling | $55.00 | |
| Cameron Griggs Deposition | | $ 251.00 |
| 46-page copy | $161.00 | |
| Exhibits | $10.00 | |
| Merger | $25.00 | |
| Handling | $55.00 | |
| Jose Alex Salinas Deposition | | $ 254.50 |
| 47-page copy | $164.50 | |
| Exhibits | $10.00 | |
| Merger | $25.00 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

| | | |
|---|---|---|
| Handling | $55.00 | |
| Shawn R. Porio Deposition | | $1,000.25 |
| Dr. Homer Venters Deposition | | $1,582.80 |
| 117-page original and copy | $1,355.00 | |
| Exhibits | $142.80 | |
| Handling | $85.00 | |
| Dr. Chitra Venkatasubramanian Deposition | | $1,375.30 |
| 72-page original and copy | $1,241.00 | |
| Exhibits | $49.30 | |
| Handling | $85.00 | |
| Dr. Taylor Kuhn Deposition | | $1,609.30 |
| 73-page original and copy | $1,322.00 | |
| Rough draft | $153.00 | |
| Exhibits | $49.30 | |
| Handling | $85.00 | |
| | | |
| | | Total: $7,461.65 |

The Clerk of Court allowed these amounts in their entirety. Plaintiff argues that each of these amounts should be significantly reduced because many use excessive per-page rates without justification, and one simply provides no information about rates whatsoever. The Court addresses each deposition amount in turn.

1. *Flores, Pardoen, Phelan, Barbari, Griggs, and Salinas Depositions*

From the Flores, Pardoen, Phelan, Barbari, Griggs, and Salinas depositions, Defendant claimed a combined $1,413.50 for one copy each of their transcripts, which totaled 404 pages for an average rate of $3.50 per page. Plaintiff argues that this amount is excessive because it well exceeds the $1.10 rate set forth by the Judicial Conference. The Court disagrees. Plaintiff noticed each of these depositions, and accordingly chose the reporters that charged these rates. Defendant had no choice but to pay them. Under these circumstances, Plaintiff can hardly complain that the rates were unreasonable. Thus, the Court finds the amounts associated with these depositions may be taxed.

2. *Porio Deposition*

From Porio's deposition, Defendant claimed $1,000.25 in fees for a copy of his transcript. Plaintiff argues that this amount cannot be taxed at all because no itemized billing is provided. The Court agrees. It is unclear from the invoice how the $1,000.25 was calculated. To be sure, Defendant notes that she was forced to pay this amount because the deposition was noticed by the City of Tustin, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

former defendant. While it is true that Defendant is not responsible for the lack of itemized billing, neither is Plaintiff. Under these circumstances, the Court cannot say that the amount was reasonable. Thus, the Court declines to tax this amount.

        3.    *Dr. Venters, Dr. Venkatasubramanian, and Dr. Kuhn Depositions*

From Dr. Venters, Dr. Venkatasubramanian, and Dr. Kuhn's depositions, Defendant claimed a combined $3,918.00 for one original and one copy each of their transcripts, which totaled 262 pages for an average rate of $14.95 per page. Plaintiff argues that this amount is excessive because it exceeds the combined $5.15 rate for one original ($4.40) and one additional copy ($0.75) set forth by the Judicial Conference. Defendant disagrees, arguing that the rate is reasonable considering that deposition reporters charge higher rates in this district due to the higher cost of living. The Court agrees with Plaintiff. The fact that reporters tend to charge more does not inherently make a rate nearly three times the Judicial Conference rate reasonable. Thus, the Court finds that a rate of $5.15 per page, for a total of $1,349.30, may be taxed.

        4.    *Dr. Kuhn Rough Draft*

From Dr. Kuhn's deposition, Defendant claimed $153.00 for a rough draft. Plaintiff argues that Defendant cannot seek costs for the rough draft in addition to the original and copy of the transcript because Local Rule 54-3.5 only allows for recovery of costs for an original and an additional copy "in any form (including a rough draft)," indicating that Defendant can recover costs for a rough draft *instead* of a copy, but not *in addition* to a copy. The Court agrees. The plain language of the Local Rule does not permit Defendant to seek costs for both the copy and the rough draft. Thus, the Court declines to tax this amount.

Accordingly, the Court finds that Defendant is entitled to:

| Reason | | Amount Claimed |
|---|---|---|
| Irineo Flores Deposition | | $ 343.50 |
| 74-page copy | $259.00 | |
| Exhibits | $9.50 | |
| Merger | $25.00 | |
| Handling | $50.00 | |
| Brent Pardoen & David Phelan Depositions | | $ 605.50 |
| 143-page copy | $500.50 | |
| Exhibits | $30.00 | |
| Merger | $25.00 | |
| Handling | $50.00 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

| | | |
|---|---|---|
| Nurse Yvette Barbari Deposition | | $ 439.50 |
| 94-page copy | $329.00 | |
| Exhibits | $30.50 | |
| Merger | $25.00 | |
| Handling | $55.00 | |
| Cameron Griggs Deposition | | $ 251.00 |
| 46-page copy | $161.00 | |
| Exhibits | $10.00 | |
| Merger | $25.00 | |
| Handling | $55.00 | |
| Jose Alex Salinas Deposition | | $ 254.50 |
| 47-page copy | $164.50 | |
| Exhibits | $10.00 | |
| Merger | $25.00 | |
| Handling | $55.00 | |
| Dr. Homer Venters Deposition | | $830.35 |
| 117-page original and copy | $602.55 | |
| Exhibits | $142.80 | |
| Handling | $85.00 | |
| Dr. Chitra Venkatasubramanian Deposition | | $505.10 |
| 72-page original and copy | $370.80 | |
| Exhibits | $49.30 | |
| Handling | $85.00 | |
| Dr. Taylor Kuhn Deposition | | $510.25 |
| 73-page original and copy | $375.95 | |
| Exhibits | $49.30 | |
| Handling | $85.00 | |
| | | Total: $3,739.70 |

**C.     Cost of Copies of Documents Necessarily Filed and Served**

Local Rule 54-3.10(a) allows for the recovery of costs of copies of documents "necessarily filed and served, including the cost of copying and delivering Mandatory Chambers Copies required by the Court." C.D. Cal. L.R. 54-3.10(a).

In her Application, Defendant claimed $545.06 for Mandatory Chambers Copies. However, this Court does not require Mandatory Chambers Copies, and thus, may not award costs for any such copies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

(Standing Order ¶ 16, ECF No. 67.) Defendant does not dispute this. Thus, the Court declines to tax this amount.

### D. Cost of Physically Replicating or Reproducing Material Necessarily Obtained for Use in the Case

Under 20 U.S.C. § 1920(4), a court may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 20 U.S.C. § 1920(4). Local Rule 54-3.10(g) expands on this, explaining that a party may recover:

> [t]he cost of physically replicating or reproducing material necessarily obtained for use in the case (including copies obtained to be produced in discovery) in any format in which such material is required to be produced and with any required characteristics (such as metadata or manipulability) intact. . . . Only costs associated with copying documents or reproducing other material for actual use in the case are allowed. Costs incurred for the convenience of counsel or as prefatory steps in the discovery process before copying documents for actual production are not recoverable.

C.D. Cal. L.R. 54-3.10(g).

In her Application, Defendant claimed $12,814.16 for reproducing material for use in this case, based on several pages of invoices. (Def.'s Appl. to Tax Costs, Ex. D at 2, ECF No. 300-4.) It appears that these amounts generally fall into the below categories:

| Reason | | Amount Claimed |
|---|---|---|
| Subpoenas | | $ 1,198.75 |
| (*Id.* at 2.) | $102.74 | |
| (*Id.* at 3.) | $666.38 | |
| (*Id.* at 4.) | $61.38 | |
| (*Id.* at 5.) | $130.43 | |
| (*Id.* at 6.) | $63.14 | |
| (*Id.* at 7.) | $56.76 | |
| (*Id.* at 8.) | $55.00 | |
| (*Id.* at 9.) | $62.92 | |
| Exhibits | | $ 6,144.16 |
| (*Id.* at 14.) | $997.38 | |
| (*Id.* at 14.) | $2,642.25 | |
| (*Id.* at 14.) | $149.94 | |
| (*Id.* at 14.) | $479.84 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

| | | |
|---|---|---|
| (*Id.* at 15.) | $188.50 | |
| (*Id.* at 17.) | $380.00 | |
| (*Id.* at 18.) | $237.50 | |
| (*Id.* at 18.) | $95.00 | |
| (*Id.* at 18.) | $475.00 | |
| (*Id.* at 19.) | $142.50 | |
| (*Id.* at 19.) | $190.00 | |
| (*Id.* at 19.) | $585.00 | |
| (*Id.* at 19.) | $166.25 | |
| Downloads, Uploads, and Conversion | | $ 2,047.50 |
| (*Id.* at 17.) | $146.25 | |
| (*Id.* at 17.) | $48.75 | |
| (*Id.* at 17.) | $146.25 | |
| (*Id.* at 18.) | $585.00 | |
| (*Id.* at 18.) | $390.00 | |
| (*Id.* at 18.) | $146.25 | |
| Video Clip Creation | | $ 742.50 |
| (*Id.* at 17.) | $95.00 | |
| (*Id.* at 18.) | $601.25 | |
| (*Id.* at 20.) | $46.25 | |
| Video Synching | | $ 1,212.50 |
| (*Id.* at 10.) | $725.00 | |
| (*Id.* at 11.) | $243.75 | |
| (*Id.* at 12.) | $112.50 | |
| (*Id.* at 13.) | $131.25 | |
| Litigation Support | | $ 1,468.75 |
| (*Id.* at 19.) | $150.00 | |
| (*Id.* at 19.) | $50.00 | |
| (*Id.* at 19.) | $200.00 | |
| (*Id.* at 20.) | $562.50 | |
| (*Id.* at 20.) | $168.75 | |
| (*Id.* at 20.) | $225.00 | |
| (*Id.* at 21.) | $56.25 | |
| (*Id.* at 21.) | $56.25 | |
| | | |
| | | Total: $12,814.16 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

The Clerk of Court allowed $8,083.16 of this request, disallowing $4,731.00 for costs associated with downloading/uploading exhibits, video clip creation, pretrial/in trial litigation support, video synching, and converting trial exhibits.[2] Plaintiff argues that all of these amounts should be disallowed. Defendant disagrees, arguing that all of the amounts should be allowed, including the amounts that the Clerk of Court previously disallowed. The Court addresses each category in turn.

    1.    *Subpoenas*

Defendant claimed $1,198.75 for copies of documents produced in response to third-party subpoenas. Plaintiff argues that this amount should be disallowed because these documents were never produced to Plaintiff or used as trial, and therefore, were simply used as "prefatory steps in the discovery process" and not used "for actual production." *See* C.D. Cal. L.R. 54-3.10(g). Defendant disagrees, arguing that she did not need to produce or use the materials at trial, as courts in other districts have allowed parties to recover costs without such use. The Court agrees with Plaintiff. This district's Local Rules state that costs associated with "prefatory steps" prior to copying "for actual production" are explicitly disallowed. *Id.* This implies that any costs associated with documents that are never produced and never used at trial would similarly be disallowed. Whether other districts that apply different local rules have allowed these costs is irrelevant. Thus, the Court declines to tax this amount.

    2.    *Exhibits*

Defendant claimed $6,144.16 for copies, binder preparation, and delivery of trial exhibits. Plaintiff argues that this amount should be disallowed because the bulk of these copy, binder, and delivery costs were presumably for the convenience of counsel, and not necessary for the case. And to the extent that one copy was necessary because the Court required a physical copy of each exhibit, Defendant does not indicate that the $6,144.16 was spent towards just that copy. Thus, the entire amount should be disallowed for failure to separate taxable from non-taxable costs. The Court agrees. Defendant does not indicate that she spent this amount solely on the required physical copy. Although she cites cases in which courts from other districts have awarded costs for additional copies not required by the court, those cases are irrelevant as they do not apply this Court's Local Rules. Thus, the Court declines to tax this amount.

    3.    *Downloads, Uploads, and Conversions*

Defendant claimed $2,047.50 for file downloads, uploads, and conversions. The Clerk of Court disallowed these amounts, finding that they were not taxable under the Local Rules. Though Defendant

---

[2] It is unclear precisely which amounts the Clerk of Court excluded. Not all of the amounts neatly fit into the categories that the Clerk of Court identified. Indeed, excluding those same categories according to the Court's grouping above yields a different amount: $7,342.91. Because of this lack of clarity, the Court includes the page numbers associated with each amount in the table above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

argues that this was erroneous and seeks this full amount, Defendant does not provide any argument as to why these costs are taxable. Thus, the Court declines to tax this amount.

    4.  *Video Clip Creation*

Defendant claimed $742.50 for video clip creation. The Clerk of Court disallowed these amounts, finding that they were not taxable under the Local Rules. Again, Defendant argues that this was erroneous and seeks this full amount, but does not provide any argument as to why these costs are taxable. Thus, the Court declines to tax this amount.

    5.  *Video Synching*

Defendant claimed $1,775.00 for synchronizing deposition transcripts with their deposition videos. Plaintiff argues that this amount should be disallowed because it falls under Local Rule 54-3.5(a), which states: "[t]he cost of videotaping or recording depositions is not taxable unless . . . ordered by the Court before the taking of the deposition." *See* C.D. Cal. L.R. 54-3.5(a). Defendant disagrees, arguing that courts in other districts have allowed parties to recover these costs. The Court agrees with Plaintiff. These costs are disallowed by Local Rule 54-3.5(a). And again, whether other districts that apply different local rules have allowed these costs is irrelevant. Thus, the Court declines to tax this amount.

    6.  *Litigation Support*

Defendant claimed $681.25 for various litigation support tasks. The Clerk of Court disallowed these amounts, finding that they were not taxable under the Local Rules. Defendant argues that this was erroneous, arguing that the full amount should be taxed. However, Defendant does not explain why these costs would be taxable. Thus, the Court declines to tax this amount.

Having found that none of these categories are taxable, the Court declines to tax any of these amounts.

In sum, the Court taxes $3,904.70 in costs to Defendant, based on the amounts below:

| Reason | Amount Claimed |
|---|---|
| Fees for Service | $ 165.00 |
| Depositions | $3,739.70 |
| | |
| | Total:   $3,904.70 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00812-RGK-ADS | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Shawn R. Porio v. Yvette Barbari, RN* | | |

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion **in part** and awards Defendant $3,904.70 in taxable costs. The Court also **STRIKES** Defendant's Amended Application to Tax Costs as untimely.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |