**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN R. PORIO, | No. 25-1294 |
| Plaintiff - Appellant, | D.C. No. 8:22-cv-00812-RGK-ADS |
| v. | MEMORANDUM[*] |
| RN YVETTE BARBARI, Orange County Nurses, | |
| Defendant - Appellee, | |
| and | |
| CITY OF TUSTIN, ORANGE COUNTY FIRE AUTHORITY, COUNTY OF ORANGE, Officer IRINEO FLORES, No. 1392, Officer E. URIAS, No. 1324, Officer CHRISTOPHER PETERSON, No. 1359, Officer HAYDEN NEWMAN, No. 1341, Officer MICHAEL WAGNER, No. 1313, BRENT PARDOEN, OCFA No. 6933, DAVID PHELAN, OCFA No. 6828, JOSEPH WINGERT, Jr., OCFA No. 6959, TED HWANG, OCFA No. 6959, RN JENNIFER MAYA, Orange County Nurses, DOES 1-10, | |
| Defendants. | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 20, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District Judge.[**]

Plaintiff Shawn Porio brought 42 U.S.C. § 1983 claims against Orange County ("the County") and Yvette Barbari after he was arrested on suspicion of driving under the influence of alcohol, when his erratic driving was actually caused by a stroke.[1]  The jail intake medical screening conducted by Barbari, a nurse employed by the County, failed to identify that Porio was experiencing a medical emergency, and he was admitted to the jail.  Porio was in custody for over 20 hours before County jail staff sent him to the hospital.  During that time, he experienced at least one more stroke.  Porio alleges that, as a result of the delay in treatment, he suffered permanent brain damage from the strokes.

The district court granted summary judgment to the County, and the claim against Barbari proceeded to trial.  A first trial ended in a mistrial, with an evenly

---

[**]   The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

[1] Porio's First Amended Complaint originally included claims against other defendants and an ADA claim.  Those claims were dismissed and are not at issue in this appeal.

25-1294

divided jury.  The second trial ended in a verdict for Barbari.

Porio appeals the district court's grant of summary judgment to the County, and the post-trial judgment for Barbari.  He challenges some evidentiary rulings as well as the three hour per side time limit on the examination of witnesses that the district court imposed during the second trial against Barbari.

"We review the district court's grant of summary judgment de novo." *Sandoval v. County of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021).  "A district court's evidentiary rulings are reviewed for an abuse of discretion and will not be reversed 'unless the ruling is manifestly erroneous.'"  *Sidibe v. Sutter Health*, 103 F.4th 675, 691 (9th Cir. 2024) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997)).  We review "issues relating to the management of trial for an abuse of discretion."  *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995).

1. The district court granted summary judgment to the County, reasoning that Porio's First Amended Complaint ("FAC") had not put the County on notice that he intended to pursue liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), based on the County's policies and practices related to jail or nursing staff.  But Porio's FAC included statements that satisfy the pleading requirements for a claim under *Monell*.  *See* Fed. R. Civ. P.

25-1294

8(a)(2); *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993).

Porio's FAC alleged that the County and its correctional healthcare authority[2] "fail[ed] to use lawful and appropriate policies, practices, and procedures for arrestees and detainees who exhibit signs of mental[] impairment that might be the result of a pathology such as a stroke rather than inebriation," and that they "acted with deliberate indifference, and in conscious and reckless disregard to the . . . constitutional and statutory rights of Plaintiff . . . including the right to prompt and adequate medical screening and attention." The FAC also "allege[d] that other policies, practices and customs as may be established through discovery, are also the moving force or proximate cause of [his] constitutional deprivations, including but not limited to, express authorization, ratification, failure to train and failure to supervise." During discovery, Porio requested that the County "identify all policies, training memoranda and bulletins, department orders and all other documents and writings through which Orange County and Orange County Sheriff's Department seek to inform custody and medical personnel about how they medically evaluate a jail inmate or respond to an apparent inmate medical emergency." Also, in response to an interrogatory from the County, Porio

---

[2] The relevant allegations in the FAC are about "entity defendants," which is defined to include the County and the Orange County Health Care Agency—the agency that provides medical services to people in custody in Orange County.

25-1294

noted that because the County had failed to provide any training records in response to his request, he had concluded that "the County provided no such training" and that "the County failed to train its intake nurses on how to . . . handle arrestees with altered mental status, make decisions on when to summon a medical provider . . . [or] screen arrestees who have communication problems or are unable to answer questions (including due to intoxication or other conditions)." Porio's interrogatory response also alleged that the County was on actual and constructive notice of the training deficiencies. Collectively, this was enough to put the County on notice that Porio intended to pursue a *Monell* claim based on its policies, practices, and training related to medical screenings and referrals by jail staff and nurses. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (holding that, to pursue an alternative theory of recovery at summary judgment, the plaintiffs must either plead the theory in their complaint or "make known during discovery their intention to pursue recovery on" the theory omitted from their complaint).

Porio also presented enough evidence to create a genuine issue of material fact as to that *Monell* claim, including: (1) evidence that the County had notice of policy and training deficiencies regarding medical handling of arrestees and detainees due to prior in-custody deaths and watchdog reports but took no remedial action, (2) the County's failure to identify in discovery any training on the medical

5

evaluation of jail admittees or for responding to medical emergencies, (3) expert

testimony that it is a "common, recurrent scenario" for patients with serious health

problems, including strokes, to arrive at intake having been misidentified by law

enforcement as being intoxicated, and opining that patients who are thought to be

so intoxicated that they cannot answer questions "require[] immediate [provider]

assessment to address the substantial risk they are experiencing a medical

emergency" (which the County's policy did not require), (4) expert testimony that

if Porio "had been properly referred to a physician or mid-level provider, . . . his

obvious neurological deficits would have been identified and not incorrectly

attributed to alcohol intoxication."

2. Porio argues that the district court abused its discretion by enforcing a

strict three-hour-per-side time limit to present the case, thereby affecting his

substantial rights.  "[A] district court may impose reasonable time limits on a trial,"

but we generally "look upon rigid hour limits for trials with disfavor."  *Gen. Signal

Corp.*, 66 F.3d at 1508.

In the context of this case, which presented difficult medical diagnosis,

causation, and damages questions requiring expert testimony, three hours to

examine witnesses was not enough for Porio to present his case.  Because the time

limit caused him to rush the presentation of evidence to the jury and therefore

25-1294

impeded his ability to meet his burden of proof, it was prejudicial to Porio, and the jury verdict cannot stand.

3. Barbari argues that she is entitled to qualified immunity, which would prevent a retrial. Even assuming that Barbari preserved her qualified immunity defense, it fails on the merits. "[I]t is clearly established that officers must seek to provide an injured detainee or arrestee with objectively reasonable medical care in the face of medical necessity creating a substantial and obvious risk of serious harm, including by summoning medical assistance." *D'Braunstein v. Cal. Highway Patrol*, 131 F.4th 764, 771 (9th Cir. 2025). Construing the facts in the light most favorable to Porio, a reasonable jury could find that Barbari's failure to refer Porio to a provider was objectively unreasonable and that Barbari acted with reckless disregard for Porio's well-being, in violation of the Fourteenth Amendment. *See id.* at 769-70. Because a reasonable jury could find that Barbari violated Porio's rights, and because the right was clearly established, Barbari is not entitled to qualified immunity.

**REVERSED and REMANDED.**

25-1294

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
  **A. Panel Rehearing:**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➢ A material point of fact or law was overlooked in the decision;
  - ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - ➢ The proceeding involves a question of exceptional importance; or

Post Judgment Form - Rev. 8/2025

> ➤ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➤ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➤ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

Post Judgment Form - Rev. 8/2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                    **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*