John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 449-8300

Dale K. Galipo, State Bar No. 144074
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

John Fattahi, State Bar No. 247625
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Boulevard, Suite 500
Torrance, California 90503
Tel: (424) 999-5579

*Attorneys for Plaintiff Shawn R. Porio*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN R. PORIO,<br><br>Plaintiff,<br><br>vs.<br><br>YVETTE BARBARI, RN,<br><br>Defendant. | Case No. 8:22-CV-00812 RGK (ADSx)<br><br>**JOINT STATUS REPORT REGARDING TRIAL**<br><br>Status Conference: July 13, 2026<br><br>Time: 9:00 a.m. |

Plaintiff Shawn R. Porio and Defendants County of Orange and Yvette Barbari, RN, through their respective attorneys of record, hereby report to the Court:

**1.    Parties.** The parties to the third trial are Plaintiff Shawn Porio, Defendant County of Orange and Defendant Yvette Barbari, RN.

The parties will submit a stipulation and proposed order to amend the case caption to reflect that Defendant County of Orange is now a party.

**2.    Plaintiff's Issue Statement.** The claims to be tried are:

Claim 1: Whether Defendant County of Orange is responsible for the violation of Plaintiff's Fourteenth-Amendment right to adequate medical care while in custody as a pretrial detainee under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), based on its policies, practices, and training (42 U.S.C. § 1983). For this claim, the Ninth Circuit identified four allegations supported by sufficient evidence to raise a genuine issue of fact:

> (1) evidence that the County had notice of policy and training deficiencies regarding medical handling of arrestees and detainees due to prior in-custody deaths and watchdog reports but took no remedial action, (2) the County's failure to identify in discovery any training on the medical evaluation of jail admittees or for responding to medical emergencies, (3) expert testimony that it is a "common, recurrent scenario" for patients with serious health problems, including strokes, to arrive at intake having been misidentified by law enforcement as being intoxicated, and opining that patients who are thought to be so intoxicated that they cannot answer questions "require[] immediate [provider] assessment to address the substantial risk they are experiencing a medical emergency" (which the County's policy did not require), (4) expert testimony that if Porio "had been properly referred to a physician or mid-level provider, . . . his obvious neurological deficits would have been identified and not incorrectly attributed to alcohol intoxication."

Dkt. 332 (Mem.) at 5–6.

Claim 2: Whether Defendant Yvette Barbari individually violated Plaintiff's Fourteenth Amendment right to adequate medical care while in custody as a pretrial detainee (42 U.S.C. § 1983). For this claim, the Ninth Circuit held that "three hours to

examine witnesses was not enough for Porio to present his case," and "was prejudicial to Porio." Dkt. 332 (Mem.) at 6–7.

### 3. Defendants' Issue Statement.

<u>Claim 1</u>: Whether Defendant Yvette Barbari individually violated Plaintiff's Fourteenth Amendment right to adequate medical care while in custody as a pretrial detainee (42 U.S.C. § 1983). If Plaintiff prevails on this claim for relief and only if Plaintiff prevails then Plaintiff will be entitled to proceed on a second claim for relief. Defendants will also move to bifurcate this case to request that the individual liability of Nurse Barbari be heard separately and prior to the County's *Monell* liability to prevent unnecessary and unwanted prejudice to Nurse Barbari and requests this Court set a briefing schedule on the intended motion. Claim 2: *Monell* based upon policies, practices, and training (42 U.S.C. § 1983). The Ninth Circuit did not rule that Plaintiff can proceed with his *Monell* claim for relief without a finding of an underlying constitutional violation. Ninth Circuit authority is clear that there must be a predicate underlying constitutional violaiton before there can be a *Monell* violaiton, as the *Monell* claimed unconstitutional policy, custom or practice must be the driving force behind the violation. Bifurcation will prove to be judicially efficient and will save the parties time and expenses since Porio will not be able to establish that the County violated his constitutional rights should the jury, again, return a favorable defense verdict for Nurse Barbari as there is no predicate liability for a *Monell* claim against the County

### 4. Additional Matters.

<u>ADR</u>: The parties have scheduled a further mediation session before Troy Roe, Esq., on July 7, 2026, at 1:30 p.m.

Trial Availability: The parties have met and conferred regarding the availability of expert witnesses. Plaintiff and Defendants have identified the dates of October 27, 2026, and November 10, 2026, as the only remaining 2026 trial dates for which key expert witnesses currently would be available to testify.

Further Proceedings: The parties request that the Court hear new and renewed motions in limine to reflect the newly constituted parties and claims, as compared to the first two trials. The parties request that any pretrial conference and rulings on those motions occur sufficiently in advance of the trial date that their preparation may properly reflect the Court's rulings. The parties also request the Court accept a new proposed verdict forms and jury instructions.

Defendant Nurse Barbari request the Court receive and give factual interrogatories on the issue of qualified immunity and good faith mistake of fact to be decided by the Jury so that Nurse Barbari is able to preserve this issue for the Ninth Circuit in the event of a verdict against her. The Ninth Circuit memorandum did not foreclose on Nurse Barbari's defense of a good faith mistake of fact and entitlement to qualified immunity.

Time Limits for Trial: The parties suggest that, consistent with the Ninth Circuit mandate, no time limit be set. Counsel believe that evidence and argument can be completed in four trial days. If hourly limitations are set, the parties suggest that each side be allowed up to 12 hours to question and cross-examine witnesses.

Respectfully Submitted,

DATED: July 6, 2026

THE LAW OFFICES OF JOHN BURTON
THE LAW OFFICES OF DALE K. GALIPO
LAW OFFICE OF JOHN FATTAHI


By_____/s/ John Fattahi_____
John Fattahi
*Attorneys for Plaintiff*

-4-                    Case No. 8:22-CV-00812 RGK (ADSx)
JOINT STATUS REPORT

DATED:  July 6, 2026                    LYNBERG & WATKINS


By_____/s/ Craig R. Smith_____
      Craig R. Smith
      Tamara M. Heathcote
      S. Frank Harrell
      *Attorneys for Defendants County of Orange and Yvette Barbari, RN*


Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

-5-